442 So.2d 1254 (1983)
ALLAN E. AMUNDSON, INC.
v.
Warren HOPPMEYER, et ux.
No. 83-CA-437.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
*1255 Steven Griffith, Destrehan, for plaintiff-appellee-appellant.
Leon C. Vial, III, Hahnville, for defendant-appellant-appellee.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Warren and Kay Hoppmeyer, defendants-appellants, from a judgment in favor of Allen E. Admundson, Inc., plaintiff-appellee, for the value of work done on a new house which was not contemplated in the original plans and specifications. Because we find no manifest error in the trial court's determinations that the extra work was authorized by the Hoppmeyers, and that the value of that work was $4,454.76, we affirm.
The parties to this suit entered into a written contract for construction of a home. Pertinent here is the clause which states:
[Allen E. Amundson, Inc. and Allen E. Amundson, Jr.] propose to furnish all labor, materials, equipment, filing and permit fees to build and complete the residence as per plans and specs (sic) for the sum of $71,000....
All parties agree that during negotiations as well as at the signing of the contract, it was their understanding that the job would be done on a 10% cost-plus basis up to $71,000, and in the event the total was less than the stated price, the difference would accrue to the Hoppmeyers. The Hoppmeyers further testified that they were assured by Amundson that the cost could not possibly go over the stated price. Amundson similarly testified that had the original plans and specifications been followed, he could have completed the job within the contract price. There is further agreement that the Hoppmeyers did authorize some changes in the plans.
On satisfactory completion of the house, Amundson presented the Hoppmeyers a bill for $79,643.61, $71,000 of which was paid through pre-arranged financing. After some minor adjustments, the balance was determined by Amundson to be $8,353.08, as of February, 1981. Shortly thereafter, on the urging of Amundson, Warren Hoppmeyer made inquiries at a bank to borrow this money but decided not to do so. By May, 1981, the Hoppmeyers had made two payments on this amount totaling $2,700, and the balance was further adjusted downward by an additional $880 because of an overcharge by the plumbing subcontractor, leaving a new balance of $4,773.08. Over the next several months, seven additional payments totaling $775 were made reducing the balance to $3,998.08. At that point, Warren Hoppmeyer wrote Amundson a letter to the effect that he was doing his best to pay, but that his financial situation prohibited further payments at that time.
Amundson thereupon sued for the balance allegedly due. The Hoppmeyers reconvenced *1256 alleging that they entered into a contract for a price not to exceed $71,000, and that Amundson had in fact done $3,700 in extra work. They further erroneously alleged that they had paid Amundson the full amount of $79,643.61, and sought a return of the $4,943.61 difference between the amount allegedly paid and the $74,700 admittedly owed.
After trial on the merits, the trial court determined that the agreement between the parties was a cost-plus contract up to $71,000, but that any amounts over $71,000 resulting from changes made by the Hoppmeyers were to be paid by them. She further found that Amundson had proved that at least $4,454.76 of the overage was due to changes approved by the Hoppmeyers. Judgment was therefore rendered in Amundson's favor in that amount, less the $3,475 already paid on the balance, over $71,000 or $979.76. The Hoppmeyers now bring this appeal from that judgment, and Amundson cross appeals.
The Hoppmeyers allege here that the trial court erred in finding first, that they approved any changes in the plans of the house which resulted in an increase in cost, and second, that Amundson proved the cost of these alleged changes to be $4,454.76. Amundson alleges that the court erred in its interpretation of the written agreement as a fixed price contract over $71,000, that the contract was in reality a cost-plus agreement for the total cost, and therefore that he is entitled to the full price of $79,643.61. His second allegation is that he is alternatively entitled to the full amount on the theory of quantum meriut. His final argument is that he is also entitled to the full $8,353.08 overage in that there was a transaction or compromise which gave rise to an obligation separate from that arising under the original contract.
We reject both parties' contentions.
The general rule as to written contracts is that parol evidence cannot be admitted to vary their terms. Civil Code Art. 2676. The exceptions to this rule are where a party alleges fraud, mistake, illegality or want or failure of cause, or where the written agreement is ambiguous, Mott v. Phillips, 372 So.2d 223 (La.App. 3rd Cir. 1979). Here, none of the above exceptions are applicable. The dispute as to the nature of the agreement is simply whether it is a fixed price or a cost-plus contract. The document itself is unambiguous. It is clearly a fixed-price building agreement for $71,000, and we so find.
The legal consequences of such a contract are that the builder will only recover the fixed price for completion of the work, regardless of his actual costs, unless the buyer makes changes in the plans and specifications which increase the final cost, Civil Code Art. 2764. Of course, the builder bears the burden of proving both the buyer's authorization for, and the cost of any changes made, Roberts v. Rolene Corp., 415 So.2d 546 (La.App. 1st Cir.1982).
The Hoppmeyers contend here, first, that Amundson failed to prove that they authorized changes in the plans. We are perplexed by this argument. In their reconventional demand, they specifically averred that extra work in the amount of $3,700 was done by the contractor. They did not contest that the amount owed was above the fixed price. The very term "extra work" can have no other meaning than work not contemplated in the original plans. Moreover, both the Hoppmeyers testified at trial that they did approve extra work which they then admitted to have cost about $1,500. Clearly then, by the defendant's own pleadings and testimony, it was established that certain changes were approved by them.
In our reading of the record, the dispute is therefore, not whether changes were approved, but rather the value of these changes. This of course goes to the Hoppmeyer's second allegation of error, which is that Amundson failed to prove the cost of the extras.
On this issue, we note that the rule as to factual findings by a trial court is that such findings will not be disturbed on appeal absent some manifest error, *1257 Canter v. Koehring Co., 283 So.2d 716 (La.1973). Here, while admittedly the builder's proof was less than overwhelming, we cannot say that it was manifestly insufficient to establish his claim for $4,454.76 of the $8,353.08 overage. That proof basically was a ledger itemizing all costs for the house which listed in a separate column "extras" totaling $4,454.76. Testimony by all parties established that these "extras" were generally related to changes approved by the Hoppmeyers. We conclude that the evidence was thus sufficient to establish a claim for that amount.
As to Amundson's cross-appeal, he first alleges that the original contract was a cost-plus agreement, and therefore that he is entitled to the full amount of the overage. We have already determined that the unambiguous written contract was for a fixed price, and thus reject this allegation.
We similarly find no merit in his claim in quantum meruit or more properly, the actio de in rem verso. The five requisites to sustain this action, are an impoverishment, an enrichment, a connection between the impoverishment and the enrichment, absence of justification or cause for the enrichment or impoverishment, and a lack of any other remedy at law, Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967). Here, the fifth criterion has clearly not been met. Amundson had a specific remedy under La.Civ.Code Art. 2764, and recovered a portion of the overage under the provisions of that article. His failure to recover the total amount sought was not due to lack of a legal remedy, but simply to his failure to put on proof of the full amount sought in his original petition.
As final argument here, is that there was a transaction or compromise between him and the Hoppmeyers as to the overage at the time he presented his bill. He bases this allegation on the facts that Warren Hoppmeyer's calculations on the ledger sheets showed a balance of $8,353, that Hoppmeyer made inquiries about a loan in this amount, and that he acknowledged the total debt by paying $3,475 of the overage and sending a letter to Amundson stating that the remainder would be forthcoming when he was able to pay.
Such acts, however, do not constitute a transaction or compromise. Article 3071 of the Civil Code requires in precise terms that such an agreement must be reduced to writing. This requirement has further been interpreted to mean that the agreement must be signed by both parties, Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981). Here, there is no document or agreement in the record which is signed by both parties in regard to payment of the overage. We thus find that no transaction or compromise was ever perfected, and so reject this allegation of error.
For the foregoing reasons, the judgment of the trial court is affirmed. Each party to bear his own costs of the appeal.
AFFIRMED.