515 So.2d 477 (1987)
Mary WILLETT, Louise Lewis, et al.,
v.
Shirley Hardy PRICE and Silas Hardy.
No. 86 CA 1015.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Writ Denied January 8, 1988.
A.P. Manint, Baton Rouge, for plaintiffs.
Stanley E. Branton, St. Francisville, for defendants.
Before GROVER L. COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
This action involves the validity of a compromise between the plaintiffs' ancestor, Joe Johnson, and the Defendants. Plaintiffs are the universal legatees of Joe Johnson, their deceased brother. Defendants, Shirley Hardy Price, Silas Hardy, William Hardy, and Henry Hardy are the children of Joe Johnson's former wife, Elnora Johnson.
The transaction between Joe Johnson and Defendants involves a tract of land situated in West Feliciana Parish. Joe Johnson purchased the land on February 18, 1960, prior to his marriage to Elnora. There were no children of the marriage between Joe and Elnora, and Joe had no other children. Elnora Johnson died on June 22, 1980. Joe Johnson opened her succession and filed a descriptive list on July 24, 1980. Defendants filed a motion to traverse the detailed descriptive list due *478 to Joe's classification of the tract of land as his separate property. After a hearing on the motion, the court ruled on January 19, 1981, that the land was Joe's separate property but that Defendants were entitled to one-half of the enhanced value of the property.
On February 28, 1981, a document was executed which reads in part:
[Joe Johnson] desires to and does by these present convey, set-over, deliver and abandon unto Silas Hardy ..., Shirley Hardy Price ..., William Hardy ... and Henry Hardy ... in equal proportions:
The following described land, together with a servitude of right of way or passage fifty feet (50) along the Western boundary line of the below property and the fee simple of full title ownership of:
Begin fifty (50) feet from the rear wall of my residence thence southernly to the South Boundary of my property in W F Parish (Independence) acquired by me Feb. 18, 1960 before Jas. Kilborne.
The Hardy's [sic] appeared herein and accept this property and agree in consideration of same not to disturb Mr. Johnson in his use and enjoyment of his house and land until his death, conferring on him a usufruct of any interest they may have in said property as contained in or a result of their mother's marriage to Mr. Johnson as is reflected in Probate No. 1076, W.F. Parish otherwise reserving their rights in said succession as reflected by Judge Kline's ruling and agree not to appeal same so that the matter may be settled in accordance with the Judgment. All parties realize that the Hardys are represented by Mr. Ramshur but due to Mr. Johnsons [sic] poor health this deed should be written today at this time.
The document is signed by Joe Johnson, Shirley Price, and Silas Hardy. Don Picou signed as notary public and Robert Brooks and Mary J. Picou witnessed the act.
Joe Johnson died on March 12, 1981. A series of legal maneuvers ensued which culminated with the rendition of judgment on February 24, 1986 in favor of Defendants. Therein Judge Kline found that the February 28, 1981 act was a valid compromise even though two Defendants did not sign the act.
Plaintiffs appeal, urging three assignments of error. Plaintiffs contend that the trial court erred in holding that the act of compromise was valid where all parties did not sign, in allowing parol evidence to reform the property description, and in finding that the reformed description was sufficient to transfer title.
In our opinion, the February 28, 1981 act was clearly executed in an effort to effect a compromise. Therefore, the sole question before us is whether or not this compromise had to be reduced to writing and signed by all the parties to be valid.
The controlling statute is Civil Code article 3071 which reads as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
According to the jurisprudence, the compromise agreement must be signed by all parties to the agreement. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La. 1981). Additionally, the court reasoned that the requirement that the compromise agreement be reduced to writing "implies that the agreement be evidenced by documentation signed by both parties." The court went on to explain that a compromise agreement had to be in writing to serve as proof of the agreement and acquiescence to the agreement. "[T]o serve as written proof of the agreement and obligations of both parties, and their acquiescence therein, *479 the written agreement must be signed by both parties, obligating both to do what they have agreed on." Felder, 405 So.2d at 523. See also Guidry v. Bowers, 458 So.2d 933 (La.App. 1st Cir.1984); Allan E. Amundson, Inc. v. Hoppmeyer, 442 So.2d 1254 (La.App. 5th Cir.1983).
Judge Kline, however, stated in his written reasons for judgment: "This Court is willing to modify that general jurisprudential rule that the compromise must be signed by all parties to be enforceable by recognizing that the contract ought to be enforceable when the consideration and cause of the contract is fulfilled in fact." He distinguished this case from the jurisprudence on the basis that the earlier cases all involved one party trying to get the other party to perform his part of the compromise agreement. Judge Kline also specifically distinguished the case of Union Producing Company v. Schneider, 131 So. 2d 133 (La.App. 2nd Cir.1961). Union Producing involved a concursus proceeding filed by a mineral lessee in order to determine the ownership of mineral and royalty interests. The ownership of the land had to be determined, and in tracing the title, the court had to determine the validity of a compromise agreement. The compromise agreement recognized an heirship claim in one party and his renunciation thereof in consideration of the relinquishment by the other named parties (also heirs) in the instrument of any interest allocated to the former party. However, nine heirs did not sign the instrument. The court found that those heirs who did sign "renounced certain claims in consideration of reciprocal renunciations of certain claims by the other named heirs.... [T]he failure of certain of the heirs to renounce, which failure is patent on the face of the instrument, renders the document unenforceable." Union Producing, 131 So.2d at 139. As was further pointed out by the court, "The ... compromise agreement purported to settle a dispute as to the interests of each and every party listed therein. Such a compromise of all interests could not be legally effected by the agreement thereto of only a portion of the co-owners." Union Producing, 131 So.2d at 139-140.
Likewise, in this case, when Joe Johnson executed the compromise agreement, he did so on the basis that all Defendants would refrain from appealing the judgment in Elnora Johnson's succession and would allow him peaceful use of his land until his death. The two signing Defendants, Shirley Price and Silas Hardy, also signed the compromise agreement for the same reasons. After devoting careful attention to the Union Producing case, we conclude that it is not distinguishable from the case before us. Accordingly, we find that the compromise agreement is not valid due to the failure of all parties to sign the agreement.
We understand the trial judge's examination of the equitable circumstances in this case. Judge Kline stated that Plaintiffs should be estopped from benefitting from the defects in the compromise where the parties to the compromise fulfilled their obligations under it without seeking to set it aside due to these defects. The trial judge held that Defendants by their actions ratified the compromise under former LSA-C.C. art. 2272, which is presently LSA-C.C. arts. 1842 and 1843. After careful examination of the code articles cited by the trial judge and the jurisprudence, we conclude that the doctrine of ratification is not applicable to this case.
Our finding that the compromise is invalid due to the failure of all parties to sign the compromise pretermits any need for consideration of Plaintiffs' second and third assignments of error. For these reasons, the judgment of the trial court is reversed. Costs of this appeal are assessed against Plaintiffs.
REVERSED.