PER CURIAM.
Because the judgment appealed from is an interlocutory judgment which will not cause irreparable injury, we grant appel-lee’s motion to dismiss the appeal.
FACTS
Beverly and Junius Washington were divorced in January 1985; Beverly was awarded custody of their child and $300.00 per month child support.
In November 1985, Junius, the appellant here, filed a motion to reduce the child support because of a reduction in his wages. Beverly then filed a rule to make child support arrears executory. At a hearing on May 16, 1986, the trial court denied Junius’s oral motion to enforce an alleged settlement agreement (by which Beverly allegedly agreed to a waiver of *846 child support arrearages and reduction of future child support in exchange for various items of community property). The court then continued Beverly’s rule to make arrears executory and Junius’s motion to reduce the child support. Junius then appealed the denial of his oral motion to enforce the alleged settlement agreement, and Beverly moved to dismiss the appeal.
STATEMENT OF LAW
An appeal may be made from a final judgment or from an interlocutory judgment that may cause irreparable injury. LSA-C.C.P. art. 2083. A final judgment is a judgment that determines the merits in whole or in part. An interlocutory judgment is a judgment that does not determine the merits, but only determines preliminary matters in the course of the action. LSA-C.C.P. art. 1841. The right of appeal is limited to appeals of final judgments and interlocutory judgments causing irreparable injury to prevent dilatory misuse of the appeal process and fragmentary adjudication of issues by sporadic review. See Thibaut v. Thibaut, 346 So.2d 809, 810 (La.App. 1st Cir.), cert, denied, 349 So.2d 1269 (La.1977).
The judgment appealed from is not a final judgment within the meaning of LSA-C.C.P. art. 1841. The trial court’s refusal to enforce the alleged settlement agreement left before the court the issue of the existance and amount of child support arrearages and the issue of reduction of future child support. The trial court’s determination was but a preliminary step in the resolution of these issues. As such, the judgment is an interlocutory judgment and is appealable only if it may cause irreparable injury.
Junius has not proven the judgment may cause irreparable injury. “The standard for determining irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following a determination of the merits of the case.” Spencer v. U.S.F. & G. Co., 454 So.2d 340, 342 (La.App. 4th Cir. 1984). Jun-ius alleges that the judgment subjects him to the risk of paying child support arrear-ages and future support. As the final resolution of these issues by the trial court was delayed by Junius’s appeal, he is not subject to any irreparable injury at this point in the litigation. “The necessity of increased expenses and labor resulting from trial on the merits does not constitute irreparable harm.” Cheramie v. Vegas, 413 So.2d 1343,1345 (La.App. 1st Cir.1982).
Accordingly, appellee’s motion to dismiss the appeal is granted.
MOTION TO DISMISS GRANTED.