SAVOIE, Judge.
This court has issued, ex proprio motu, an order directing the parties to show cause why the appeal should not be dismissed on the basis that it was taken from a nonappealable judgment.
Plaintiff, the town of Jackson, filed suit against defendants, Richard and Joan Dudley, seeking a permanent injunction prohibiting them from maintaining a trailer park on their property except in accordance with city ordinances. Defendants filed an exception raising the objection of no cause of action. They complained that plaintiff is seeking a permanent injunction without first obtaining a temporary restraining order or a preliminary injunction and that plaintiff failed to allege irreparable injury. After a hearing, the trial court denied defendants’ exceptions, and they filed the present appeal.[1]
An appeal may be taken from a final judgment or from an interlocutory judgment which causes irreparable injury. Code Civ.P. art. 2083. A final judgment determines the merits in whole or in part, whereas an interlocutory judgment involves preliminary matters in the course of the action. Code Civ.P. art. 1841. A judgment overruling an exception of no cause of action is interlocutory and not appeal-able in the absence of a showing of irreparable injury. See Brian v. Target, Inc., 395 So.2d 372 (La.App. 1st Cir.1981).
In their motion for appeal, defendants acknowledge that the judgment is interlocutory. However, they state they will suffer irreparable injury because they will be forced to go to trial and because their right to a jury trial is being denied. The test for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits. A judgment which merely requires the parties to go to trial does not constitute irreparable harm. Yeager v. Baton Rouge General Hosp., 469 So.2d 47 (La.App. 1st Cir.1985). Moreover, defendants’ right to a jury trial is not being *494 denied because the court overruled their exception but because plaintiffs seek in-junctive relief. Code Civ.P. art. 1732(3).
For the above and foregoing reasons the rule is made absolute and the appeal is dismissed at appellants’ cost.
APPEAL DISMISSED.

. Defendants also filed a writ application seeking review of this judgment. The application was not considered due to rule violations.