LANIER, Judge.
This is a devolutive appeal from a written judgment which held that “Morris Michael Lamana is the biological father of ... the minor child of the defendant, Virginia Teresa LeBlanc Hanner.”
PROCEDURAL FACTS
In 1982, Morris M. Lamana filed suit (Lamana I) against Virginia T. LeBlanc, seeking a judgment recognizing him as the biological father of LeBlanc’s child and granting him visitation rights. LeBlanc filed a peremptory exception raising the objections of no right of action and no cause of action asserting her child was born within 300 days of her divorce from another, and her ex-husband did not timely disavow the child. The trial court sustained the exception, and Lamana appealed. This court affirmed the trial court’s judgment and held that the presumption that the husband of the mother was the father of the child became conclusive when the husband failed to disavow paternity, and Lamana had no right or cause of action. Lamana v. LeBlanc, 449 So.2d 31 (La.App. 1st Cir.1984). The Louisiana Supreme Court, by a four to three vote, denied Lamana’s application for supervisory relief with the observation that the result was correct. Lamana v. LeBlanc, 450 So.2d 959 (La.1984).
The instant suit (Lamana II) was filed on September 4,1986. It was entitled “PETITION FOR VISITATION”, contains factual allegations asserting that Lamana is the natural father of LeBlanc’s child and prays for an award of visitation rights and payment by Lamana of reasonable child support. LeBlanc filed a peremptory exception raising the objection of res judicata contending the prior definitive judgment in Lamana I barred Lamana from asserting his filiation with the child and obtaining visiting privileges. The trial court overruled the exception, and LeBlanc sought a supervisory writ from this court. This court declined to exercise our supervisory jurisdiction on the ground that LeBlanc had an adequate remedy by review on appeal. On application by LeBlanc, the Louisiana Supreme Court granted a supervisory writ which remanded the case to this court for *687 briefing, argument and an opinion.[1] Lamana v. LeBlanc, 503 So.2d 468 (La.1987).
This court reviewed Lamana I and Lamana II, concluded all of the elements for res judicata existed between them, reversed the trial court’s judgment, and sustained the exception. Lamana v. LeBlanc, 515 So.2d 622 (La.App. 1st Cir.1987). Lamana applied to the Louisiana Supreme Court for supervisory relief and a writ of certiorari was granted. Lamana v. LeBlanc, 519 So.2d 122 (La.1988). The Louisiana Supreme Court in Lamana v. LeBlanc, 526 So.2d 1107, 1110-1111 (La.1988), reversed our judgment and reinstated the trial court judgment overruling the exception with the following rationale:
In Lamana I the object of the judgment was the denial of Lamana’s right to establish paternity. The right to visit has not been litigated nor made the object of the Lamana I judgment. The demand in Lamana I that was litigated and decided in the judgment was the claim of Lamana to be adjudicated the natural father of the child and entitled to all the rights that flow from that determination. The demand contained in Lamana II is the right to visit with the child. The object of the judgment in Lamana I is not the same as the demand in Lamana II and for this reason the second suit is not subject to the exception of res judicata. The right to visit which is asserted in Lamana II is based upon Taylor v. Taylor, 295 So.2d 494 (La.App. 3d Cir.1974) and Finnerty v. Boyett, 469 So.2d 287 (La.App. 2d Cir.1985). In each of these cases a biological father of a child presumed to be the child of another man who was the husband of the mother pursuant to LSA-C.C. art. 184 was recognized as entitled to offer proof of his paternity of the child as a factor to be considered in determining if it was in the best interests of the child to grant visitation rights to the natural father.
[[Image here]]
The right to be recognized as a biological father, which was the demand asserted and litigated in Lamana I, was based upon the material fact, i.e. cause, that sexual intercourse had occurred between Lamana and LeBlanc resulting in conception of the child whom Lamana sought to be recognized as the biological father. In Lamana II the demand asserted was the right to visit with the child. At least one material fact upon which this demand was based was sexual intercourse between Lamana and LeBlanc at the time of conception since this factor would be considered on the issue of whether it was in the best interest of the child to approve visitation. This demand differs from the demand to be established as biological father which was asserted and litigated in La-mana I. The privileges that flow from the right to visit are far more limited and of much different character than those which flow from the recognition of being a biological parent,3 It therefore follows that the demand contained in the two suits are not the same. One of the very important material facts required to be considered in the demand to establish the right to visitation is that conception occurred as a result of sexual intercourse between Lamana and Le-Blanc. This same material fact is the cause in Lamana’s first suit to establish paternity. The cause supporting the two demands contained in the two suits are the same within the contemplation of LSA-R.S. 13:j231 but res judicata is inapplicable because the demands asserted in the two suits are different.
*688 3 The determination that a man is the biological father of a child creates between them inheritance rights and obligations of support. Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982); Haynes v. Cargo, 422 So.2d 267 (La.App. 4th Cir.1982); LSA-C.C. art. 239.
(Emphasis added)
This case (Lamana II) was remanded to the trial court for further proceedings. See Smith v. Cole, 553 So.2d 847 (La.1989).
In the trial court, LeBlanc filed an answer which, among other things, denied that Lamana was the father of the child. On October 11, 1988, pursuant to the Louisiana Uniform Act on Blood Tests to Determine Paternity, La.R.S. 9:396 et seq., Lama-na filed a motion to compel LeBlanc and the child to submit to human leukocyte antigens (HLA) testing to determine if he (Lamana) was the biological father of the child. The trial judge granted this motion. LeBlanc and the child failed to appear for testing. Lamana then filed a motion for LeBlanc to show cause pursuant to La.R.S. 9:396 why “Lamana should not be lawfully recognized, for the purpose of visitation only, as the biological father of ...” the child. A hearing was held on this motion. At the hearing LeBlanc judicially confessed that Lamana was the biological father of the child. The subject of this appeal is the trial court’s judgment declaring Lamana to be the biological father of the child.
NATURE OP THE JUDGMENT APPEALED
LeBlanc contends the trial court “erred in rendering a Judgment declaring Respondent to be the biological father of the child.” She asserts in brief[2] that the issue of whether Lamana is the biological father of the child is res judicata per Lamana I and that although the trial court may consider the fact that Lamana is the father of the child “in determining whether visitation is in the best interest of the child,” the trial court “may not render a judgment to that effect.” Lamana responds that he is only attempting to show he is the biological father of the child “for purposes of visitation,” and the judgment appealed is “nothing more than an interlocutory finding of fact.”
La.C.C.P. art. 2083 defines appealable judgments as (1) final judgments and (2) interlocutory judgments which may cause irreparable injury. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment; a judgment that determines the merits in whole or in part is a final judgment. La.C.C.P. art. 1841. The relief requested in the prayer of Lamana II is that (1) Lamana be awarded reasonable visitation rights and (2) that he be ordered to pay reasonable child support.[3] The trial court judgment only finds as a fact that Lamana is the biological father of the child; it does not grant the relief sought. Thus, the judgment does not determine the merits of the case, in whole or in part. Because it does not determine the merits of the case, the judgment is interlocutory, rather than final. No irreparable injury has been claimed or shown. Thus, the judgment is not appealable pursuant to La.C.C.P. art. 2083. Cf. Jenkins v. Hastings, 509 So.2d 710 (La.App. 3rd Cir.1987). An appellate court may dismiss an appeal on its own motion where there is no right to appeal. La.C.C.P. art. 2162; First Federal Savings & Loan Association of Opelousas v. Manuel, 479 So.2d 379 (La.App. 3rd Cir.1985). We do so in the instant case.
DECREE
For the foregoing reasons, the appeal is dismissed and the case is remanded to the trial court for further proceedings in ac *689 cordance with law. LeBlanc is cast for the cost of the appeal.

. Prior to Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), it was the general practice in the courts of appeal that supervisory writs were not granted unless there was clear trial court error causing irreparable injury or an ordinary appeal would not be an adequate remedy in practical fact. A. Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964). However, in Herlitz, courts of appeal were admonished to exercise supervisory jurisdiction when (1) the trial court's judgment was arguably incorrect, (2) a reversal would terminate the litigation (in whole or in part) and (3) there was no dispute of fact to be resolved. The fact that there was an adequate remedy by review on appeal ceased to be a controlling criteria.

. LeBlanc has not filed a written pleading asserting the objection of res judicata in a peremptory exception.

. It appears from the Louisiana Supreme Court opinion in Lamana II that showing paternity is now barred by the definitive judgment in Lamana I. Query: Can the child inherit from Lamana and can Lamana be compelled to pay child support if proof of paternity is barred by the definitive judgment in Lamana I? Can Lamana obtain visitation rights without the corresponding obligations of child support and inheritance?