560 So.2d 472 (1990)
Patricia S. SMITH and Robert Warren Smith
v.
TRAVELERS INSURANCE COMPANY, Southern Medical Services of New Orleans, Inc., The Aetna Casualty and Surety Company, Edwin Noah Daspit, Firemans Fund Insurance Company (Associated Indemnity Corporation) Kathryn Gerth Daspit, Aetna Life and Casualty Insurance Company, Standard Life Insurance Company, and USAA Casualty Insurance Company.[1]
Patricia S. SMITH and Robert Warren Smith
v.
TRAVELERS INSURANCE COMPANY, Southern Medical Services of New Orleans, Inc., The Aetna Casualty and Surety Company, Edwin Noah Daspit, Firemans Fund Insurance Company (Associated Indemnity Corporation) Kathryn Daspit, Aetna Life and Casualty Insurance Company, Standard Life Insurance Company and USAA Casualty Insurance Company.
Nos. CA 89 0236, CA 89 0237.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Writ Denied June 22, 1990.
*473 Patrick Berrigan, Slidell, for plaintiff-appellant.
Timothy G. Schafer, New Orleans, for defendant-appellee United Services Automobile Assoc.
Donald Soigney, Metairie, for defendant-appellees Southern Medical Sve. of New Orleans and Edwin N. Daspit.
James Morse, William Syll, Jr., New Orleans, for defendants-appellees Travelers Ins. Co. & Southern Med. Dve. of New Orleans.
Gregory O. Currier, Gary Zwain, Metairie, for defendant-appellee Aetna Ins. Co.
Michael Springman, Metairie, for defendant-appellee Firemans Fund Ins.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an appeal of a judgment granting a motion for summary judgment.

FACTS
Patricia Smith brought suit for damages sustained in an automobile accident. She brought an action against various defendants including her own liability insurer, USAA, for uninsured motorist coverage. USAA denied coverage contending that the plaintiff had rejected uninsured motorist coverage.
The trial judge granted the defendant's motion for summary judgment. The sole issue for review is whether the trial court erred in holding that the document sent by the plaintiff was a valid rejection of uninsured motorist coverage per La.R.S. 22:1406.

*474 ANALYSIS
As stated by the Louisiana Supreme Court in Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987):
In Louisiana, UM coverage is provided for by statute and embodies a strong public policy.... The object of the statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured. (citations omitted)
To effect a valid rejection of UM coverage under La.R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. Roger, 513 So.2d at 1132.
The plaintiffs mailed a note to USAA stating:
Dear Sirs:
At this time, we do not wish to carry the "uninsured motorist" on our policy. Please omit this from our premium. Our USAA # is 1430032.
Thank you for your services.
Mr. and Mrs. Robert W. Smith
100 Spruce Circle
Slidell, La. 70458
ph-(504) 643-0527
At the trial level, the plaintiffs argued that the signature on the note was printed rather than written in script and was not her legal signature. On appeal they argue that failure to state the policy number on the note invalidates the rejection of UM coverage. We disagree.
The note states the plaintiffs' account number with USAA. The plaintiffs admit that USAA provides homeowners and automobile coverage for them. The automobile coverage was contained in a single policy and there was no evidence of any other automobile policies. This argument is without merit.
The plaintiffs next assign as error the trial court's finding that the plaintiff, Patricia M. Smith, "admitted that her letter (to USAA) constituted a valid rejection of UM coverage."
We have reviewed the reasons for judgment issued by the trial court and do not find that the trial court found any such "admission". The trial court stated that the plaintiff "admits that she sent a written rejection of uninsured motorist coverage, that she wrote it in her own hand and that she wrote her own name on the rejection." This assignment is without merit.
As stated by this court in Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54, 56 (La.App. 1st Cir.), writ denied 496 So.2d 355 (La. 1986):
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
There is no factual dispute as to the note here, only its legal effect. The trial court found that the note was a valid rejection of UM coverage. We agree.
All costs of this appeal are assessed against the plaintiffs/appellants.
AFFIRMED.
NOTES
[1] The plaintiffs consolidated on appeal the granting of summary judgment that dismissed Associated Indemnity Corporation (Firemans Fund Insurance Company) and Standard Fire with the granting of summary judgment that dismissed USAA from the proceedings below. On appeal only the summary judgment releasing USAA was briefed and argued.