569 So.2d 191 (1990)
Thomas HENSON
v.
SAFECO INSURANCE COMPANIES and International Service Insurance Company.
No. CA 89 1134.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
Writ Granted January 11, 1991.
Joel Hanberry, Cut Off, for Thomas Henson.
Frank A. Fertitta, Calvin E. Hardin, Jr., Baton Rouge, for Safeco Ins. Companies, and International Service Ins. Co.
Before COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This action is a suit in contract against two uninsured motorist (UM) insurers. *192 Suit was filed by Thomas Henson against Safeco Insurance Companies (Safeco), his father's corporate automobile insurer, and International Service Insurance Company (International), his father's personal liability insurer. The trial court held a "bifurcated trial solely on the issue of coverage",[1] and the parties agreed that "fault is not going to be an issue in this case". The trial court found that (1) Thomas Henson was a resident of his father's household and an insured under the Safeco and International policies, (2) the International policy did not provide UM coverage for the claims of Thomas Henson because his father had validly rejected this coverage, and (3) the Safeco policy provided UM coverage for the claims of Thomas Henson up to a $25,000 limit. The trial court rendered a judgment in favor of International dismissing Henson's claim against it and rendered a judgment in favor of Henson against Safeco holding that Safeco provided UM coverage for Henson in the amount of $25,000. Henson devolutively appealed both judgments; Safeco devolutively appealed the judgment holding it provided UM coverage for Henson in the amount of $25,000.

FACTS
In January of 1984, Thomas Henson enlisted in the United States Army and was subsequently stationed at Fort Belvoir, Virginia. On June 3, 1984, he was still stationed in Virginia and, while riding as a passenger in a vehicle driven by a friend, was involved in an automobile accident which resulted in serious physical injuries to him. The vehicle in which Henson was a passenger was uninsured under Louisiana law.
Thomas Henson is the major son of Willie Henson, who at the time of the accident resided in Monroe, Louisiana. At the time of the accident, Willie Henson had a personal liability insurance policy issued by International with a split limit of liability of $100,000 per person/$300,000 per accident. Willie Henson's business, Henson Pipeline Construction, Inc., had a business liability insurance policy issued by Safeco with a limit of liability of $500,000 per accident.

NATURE OF THE JUDGMENTS APPEALED

(Safeco's assignment of error number 1)
Safeco contends that when a judgment is rendered that only addresses the issues of coverage and limits of liability, the judgment is not a final appealable judgment. Safeco asserts that the judgment in favor of Henson holding that Safeco provided UM coverage for him in the amount of $25,000 does not determine Safeco's liability, this judgment is not appealable, and the appeals of this judgment should be dismissed.
La.C.C.P. art. 2083 defines appealable judgments as (1) final judgments and (2) interlocutory judgments which may cause irreparable injury. A judgment that does not determine the merits, but only preliminary matters in the course of the action is an interlocutory judgment; a judgment that determines the merits in whole or in part is a final judgment. La.C. C.P. art. 1841; Lamana v. LeBlanc, 558 So.2d 685 (La.App. 1st Cir.1990); Washington v. Washington, 506 So.2d 845 (La.App. 1st Cir.1987). The right of appeal is limited to appeals of final judgments and interlocutory judgments causing irreparable injury to prevent dilatory misuse of the appeal process and fragmentary adjudication of issues by sporadic review. Washington v. Washington, 506 So.2d at 846. The test for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal *193 following a determination of the merits. Willett v. Price, 515 So.2d 477 (La.App. 1st Cir.1987), writ denied, 516 So.2d 367 (La. 1988); Town of Jackson v. Dudley, 515 So.2d 492 (La.App. 1st Cir.1987). A judgment which requires the parties to go to trial does not cause irreparable harm. Town of Jackson v. Dudley, 515 So.2d at 493.
The relief requested in the prayer of Henson's petition is a money judgment against Safeco and International. The trial court judgment in favor of International finds that the International policy does not provide UM coverage for Thomas Henson and dismisses International as a party defendant. This judgment is a partial final judgment because it dismisses a party from the suit. See La.C.C.P. art. 1915(A)(1). It is a final judgment because it decides the merits, in part, and denies the relief requested by Henson against International. As a partial final judgment, the judgment as to International is appealable and properly before this court.
The judgment in favor of Henson against Safeco states that Safeco "provides uninsured motorist coverage only in the limits of" $25,000; it does not award a money judgment in favor of Henson. Thus, this judgment does not determine the merits of the case, in whole or in part. It does not grant the relief Henson sought. Because it does not determine the merits of the case, the judgment as to Safeco is interlocutory, rather than final. In W. Forrester, Developments in the Law, 1986-1987Civil Procedure, 48 La.L.Rev. 241, 244 (1987) appears the following:
In 1983, article 1915 was amended by the addition of section 5 which authorizes entry of separate final judgments on the liability and damage issues when they are tried separately. In Strauss v. Rivers,38 both the plaintiff and the insurer-defendant sought an early final judgment on the coverage issue. The trial court agreed to separately try the coverage issue pursuant to article 1915(5). After separate trial, the trial court entered what purported to be a partial final judgment in favor of the plaintiff upholding coverage, and the insurer appealed.
The court of appeal, citing its long-standing policy against piecemeal appeals, dismissed the appeal finding that no appealable partial final judgment had been rendered. It reasoned that a determination of coverage alone did not amount to a final judgment on "liability" as contemplated by article 1915(5); a finding of coverage only determined the legal issue of whether a policy was "in effect" and not the ultimate liability of the insurer.
The court was correct. In order for there to be an adjudication of the "liability" of an insurer, the liability of the insured would have to be determined also.
38 501 So.2d 876 (La.App. 5th Cir.1987).
No irreparable injury has been claimed or shown. The issue of coverage can be reviewed and any errors can be corrected in an appeal following a determination of the merits (the liability of Safeco). Thus, the judgment as to Safeco is not appealable pursuant to La.C.C.P. art. 2083. An appellate court may dismiss an appeal on its own motion where there is no right to appeal. La.C.C.P. art. 2162; Lamana v. LeBlanc, 558 So.2d at 688. Since Safeco and Henson had no right to appeal this judgment, we will dismiss the appeal as it relates to Safeco.[2]Cf. Pollard v. Champion Insurance Company, 532 So.2d 838 (La.App. 4th Cir.), writ denied, 533 So.2d 374 (La.1988); Med-Trans, Inc. v. Rockwood Ins. Co., Inc., 509 So.2d 602 (La.App. 3rd Cir.1987); Wilkinson v. State Farm Mutual Automobile Insurance Company, 378 So.2d 167 (La. App. 1st Cir.1979); Smith v. Hanover Insurance Company, 363 So.2d 719 (La.App. 2nd Cir.1978).
This assignment of error has merit.

*194 REJECTION OF UM COVERAGE ON THE INTERNATIONAL POLICY

(Henson's assignment of error number 1)
Henson contends the trial court erred in finding that Willie Henson rejected UM coverage in his application for insurance with International.
La.R.S. 22:1406(D)(1)(a), as it read at the time of the accident, stated the following:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.
(Emphasis added.)
In Roger v. Estate of Moulton, 513 So.2d 1126, 1130-1132 (La.1987), the Louisiana Supreme Court discussed UM coverage and how to reject it as follows:
In Louisiana, UM coverage is provided for by statute and embodies a strong public policy.... The object of the statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured....
To carry out this objective of providing reparation for those injured through no fault of their own, this Court has held the statute is to be liberally construed.... Thus, the requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected....
UM coverage is determined not only by contractual provisions, but also by applicable statutes. In the absence of a specific rule, general insurance law governs.... The liberal construction given the UM statute requires the statutory exceptions to the coverage requirement be interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable.... In accordance with this strict construction requirement, the intermediate courts have held the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits....
The law imposes UM coverage in this state notwithstanding the language of the policy, the intentions of the parties, or the presence or absence of a premium charge or payment.... Accordingly, to effect a valid rejection of the UM coverage under La.R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient *195 to effect a valid rejection. This narrow reading of La.R.S. 22:1406(D)(1)(a) is in accord with the liberal construction afforded the uninsured motorist statute in order to carry out its objective of protecting an innocent insured who becomes the victim of the negligent uninsured or underinsured motorist.
(Emphasis added, citations omitted.)
See also Smith v. Travelers Insurance Company, 560 So.2d 472 (La.App. 1st Cir.), writ denied, 564 So.2d 325 (La.1990); Schwoch v. Sutor, 559 So.2d 552 (La.App. 2nd Cir.1990).
Willie Henson testified that he bought a 1982 Chevrolet pickup truck from Crane Chevrolet and financed it through GMAC. GMAC required that the truck be insured before it left the dealer's lot, so he called his bookkeeper from Crane's and told her to call Perkins Insurance Agency and get full coverage on his new truck. A few days later, an agent from Perkins came by his office with an application for insurance with International for him to sign. He did not remember much about the application because he only glanced at it. He remembered the application being filled out at the time he signed it.
Both International and plaintiff submitted into evidence copies of the application for insurance signed by Willie Henson which purports to reject UM coverage. This application on its face meets the requirements of the Roger case for a valid rejection of UM coverage. International has made out a prima facie case of a valid rejection of UM coverage.
The fact that Willie Henson just glanced at the application before signing it does not make the rejection invalid. A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that it was not explained, or that he did not understand it. Tweedel v. Brasseaux, 433 So.2d 133 (La.1983); Ciaccio v. Cazayoux, 519 So.2d 799 (La.App. 1st Cir.1987); Bonck v. Bonck, 500 So.2d 798 (La.App. 1st Cir.1986), writ denied, 501 So.2d 774 (La. 1987); Jackson v. Lambert, 492 So.2d 498 (La.App. 1st Cir.), writs denied, 496 So.2d 1045, 1046 (La.1986). The plaintiff failed to produce sufficient evidence to rebut this presumption of knowledge. See La.C.C. arts. 1849-1852; La.R.S. 15:432; Turner v. Turner, 455 So.2d 1374 (La.1984); Crockett v. Crockett, 525 So.2d 304 (La.App. 1st Cir.), writ denied, 532 So.2d 117 (La.1988).
International sustained its burden of proving a valid rejection of UM coverage. The trial court did not err in finding that Willie Henson had validly rejected UM coverage in his application for insurance with International. See for example, Cuccia v. Clark, 557 So.2d 989 (La.App. 4th Cir. 1990); Guilbeau v. Gabriel, 553 So.2d 1078 (La.App. 3rd Cir.1989), writ denied, 559 So.2d 138 (La.1990).
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment in favor of International dismissing Henson's claim against it is affirmed and Henson's and Safeco's appeals of the judgment defining Safeco's coverage are dismissed. The costs of the Safeco and Henson appeals shall be divided equally between them. The trial court costs shall be assessed in a final judgment on the merits in the trial court.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
NOTES
[1] There are several types of bifurcated civil trials. Pursuant to La.C.C.P. art. 1562, there may be separate trials on the issues of liability and damages. Pursuant to La.R.S. 13:5105, in some cases the issues pertaining to the state, state agencies and political subdivisions will be decided by the judge and the issues pertaining to the other parties will be decided by a jury. A bifurcated trial may also occur where one of two consolidated cases is tried by a judge and the other tried by a jury. Thornton v. Moran, 341 So.2d 1136 (La.App. 1st Cir.1976), writs granted and reversed, 343 So.2d 1065, 1066 (La.1977), 348 So.2d 79 (La.App. 1st Cir.), writs denied, 350 So.2d 897, 898, 900 (La.1977).
[2] Because the appeal as it concerns Safeco is being dismissed, we need not consider Safeco's assignments of error numbers 2 and 3 or Henson's assignment of error number 2 which pertain to the merits of the coverage issue.