BOWES, Judge.
Appellant, Walter Lee Powell, attempts to appeal a judgment of the district court denying his motion for partial summary judgment, which motion sought to have the court declare that appellee, Liberty Lloyds Insurance Company, provided uninsured motorist coverage equal to limits for bodily injury.
The denial of a motion for summary judgment is interlocutory in nature. LSA-C.C.P. art. 1841 declares in pertinent part that a judgment which does not determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment. See also Arnold v. Stupp Corp., 249 So.2d 276 (La.App. 1 Cir.1971). We do not find that this interlocutory judgment is one which may cause irreparable injury so as to bring it under the auspices of LSA-C.C.P. art. 2083, which permits appeals from such interlocutory judgments.[1]
Additionally, the use of the summary judgment procedure to determine insurance policy limits has been found to be improper by this court, and not appealable. Strauss v. Rivers, 501 So.2d 876 (La.App. 5 Cir.1987); Breaux v. Insured Lloyd’s Insurance Company, 505 So.2d 1188 (La.App. 3 Cir.1987). It would have been error for the trial court to grant summary judgment on this issue.
An appellate court may dismiss an appeal on its own motion where there is no right to appeal. LSA-C.C.P. art. 2162; Henson v. Safeco Ins. Companies, 569 So.2d 191 (La.App. 1 Cir.1990). Therefore, the appeal in this matter is dismissed, and the matter is remanded to the district court for further proceedings.
APPEAL DISMISSED; REMANDED.

. LSA-C.C.P. art. 2083 reads, in pertinent part, as follows:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remit-titur or additur under Article 181.4.