645 So.2d 236 (1994)
Roni Lynn FRANCIS, et al.
v.
Brenda O'NEAL, et al. INJURY HOTLINE
v.
Roni L. FRANCIS, Shield of Shelter Insurance, Brenda O'Neal and Liga.
Nos. 26,193-CA, 26,194-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
*237 Pat Harrington, Attorney & Associates, d/b/a Injury Hotline by Bill Watley, Shreveport, for appellant.
Hal Lyons, Shreveport, for appellee.
Before HIGHTOWER and STEWART, JJ., and JONES, J. Pro Tem.
HIGHTOWER, Judge.
To compensate Roni Lynn Francis for injuries sustained in an automobile accident, Shelter Insurance Company disbursed the limits of its uninsured motorist coverage, $10,000, in a check payable to the victim and her two attorneys, Injury Hotline ("Hotline") and Hal Lyons. When the three parties could not agree on how the funds would be divided, Hotline (Pat Harrington, Attorney and Associates, P.L.C., d/b/a Injury Hotline) filed suit to recover its fee for professional services. Eventually, the trio entered into a consent judgment disbursing the money, two-thirds to Francis and one-sixth to each attorney. Seeking to overturn that decree on its merits, Hotline now appeals.
Francis correctly responds, in her answer to the appeal, that she is "aggrieved by virtue of the fact that the judgment appealed herein ... is a consent judgment and is binding on all parties thereto." Indeed, the language of the adjudication specifically denotes that it is rendered "by agreement of counsel." Under the provisions of LSA-C.C.P. Art. 2085, such a consent judgment is not appealable. McDaniel v. McDaniel, 567 So.2d 748 (La.App.2d Cir.1990). Where there is no right to appeal, the appellate court may dismiss an appeal on its own motion. LSA-C.C.P. Art. 2162; Adams v. St. Tammany Parish Police Jury, 93-0717 (La. App. 1st Cir. 04/08/94), 636 So.2d 1003; Powell v. Liberty Lloyds Ins. Co., 589 So.2d 593 (La.App. 5th Cir.1991).
The matter sub judice does not pose a question of unilateral error which would vitiate the consent judgment. Instead, appellant simply maintains that it earned and should have been awarded an attorney's fee of one-third the $10,000 sum. However, as explained, Hotline has no right to an appeal under these circumstances. We thus dismiss the appeal.
In her answer, Francis additionally seeks damages for frivolous appeal pursuant to LSA-C.C.P. Art. 2164. An appeal will be deemed frivolous if it does not present a substantial legal question, or if it is obvious either that its sole purpose is delay or that appealing counsel does not seriously believe the view of the law which he advocates. Guy v. Madison Parish School Board, 579 So.2d 1108 (La.App.2d Cir.1991). As noted, the law is clear that a party cannot appeal a consent judgment. Of course, recognizing that appeals are favored, courts are reluctant *238 to grant frivolous appeal damages. Nevertheless, in this case, such an imposition is clearly warranted. We therefore award Francis the amount of $500. Cf. Hellpenstell v. Bonnabel Hospital, 523 So.2d 887 (La.App. 4th Cir.1988), writ denied, 531 So.2d 282 (La.1988).
APPEALS DISMISSED AT APPELLANT'S COST. JUDGMENT RENDERED FOR FRIVOLOUS APPEALS AS INDICATED.