734 So.2d 928 (1999)
Robley P. GUIDRY, Jr. and Loanalee Guidry Theriot
v.
Jeraldine Guidry SOTHERN.
No. 98 CA 1152.
Court of Appeal of Louisiana, First Circuit.
May 14, 1999.
*929 Norval J. Rhodes, Houma, for Plaintiffs-Appellants Robley P. Guidry, Jr. and Loanalee Guidry Theriot.
Robert L. Barrios, Houma, for Defendants-Appellees Succession of Jeraldine G. Sothern.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
This appeal follows the trial court's denial of the plaintiffs' Motion and Order to Vacate Judgment. For the following reasons, we dismiss the appeal.

FACTS AND PROCEDURAL HISTORY
The plaintiffs, Robley P. Guidry and Loanalee Guidry Theriot, and the original defendant, Jeraldine Guidry Sothern, each owned an undivided one-third interest in a house and a lot located in a residential area in Terrebonne Parish. This property was inherited from their deceased mother, Edith Guidry, in 1990. According to the record, Mrs. Sothern occupied the house for some time with the knowledge and consent of her siblings, Mr. Guidry and Mrs. Theriot. Mrs. Sothern was never required to pay rent for her occupancy of the house.
On May 3, 1996, plaintiffs filed a petition to partition the subject property and prayed for reimbursement of their expenses related to the property. Mrs. Sothern answered the petition requesting reimbursement for money she spent on maintenance and upgrade on the property. On December 4, 1996, shortly before the original trial date of this matter, the parties reached an agreement. A consent judgment was issued by the trial court ordering that the property in question be sold and that, pending the sale of the property, Mrs. Sothern pay rent to the plaintiffs in the amount of $200.00 per plaintiff per month beginning October 1, 1996. The judgment reserved among all parties their "respective reimbursement claims." This judgment was later signed by the trial court on April 24, 1997. According to the record, Mrs. Sothern died on February 18, 1997, and thereafter, her succession was opened and brought into this litigation as the proper party defendant.
Also on April 24, 1997, the plaintiffs filed a motion and order requesting "that $8,000.00 from the proceeds from said sale *930 be deposited into the Registry of the Court in this matter and segregated from the proceeds of said sale attributable to the ownership interest of Geraldine [sic] Guidry Sothern to satisfy all future claims of reimbursement between the parties." The trial court signed the order the same date.
On October 7, 1997, the Estate of Mrs. Sothern (Estate) filed a Motion for Summary Judgment requesting that the trial court recognize that the only funds at issue in the upcoming trial was the $8,000.00 set aside from the sale of the property. According to its Motion for Summary Judgment, the Estate offered the entire $8,000.00 to the plaintiffs in settlement of their reimbursement claims. This offer was rejected by plaintiffs. On November 21, 1997, a Consent Judgment was rendered by the trial court granting the Estate's Motion for Summary Judgment "limiting the amount available to satisfy all claims the parties have against each other to the $8,000.00 currently in the Registry of the Court as per the previous court order rendered in April 1997." The plaintiffs filed a Motion and Order for Devolutive Appeal following this judgment by the trial court. However, there is nothing in the record to indicate that the appeal was ever perfected.
On December 8, 1997, plaintiffs filed a Motion and Order to Vacate Judgment referring to the order sought by the plaintiffs and signed by the trial court on April 24, 1997, in which $8,000.00 from the sale of the property was set aside for the parties' reimbursement claims. The trial of this matter was eventually scheduled for January 6, 1998, at which time a hearing was held on this motion prior to the trial on the merits. The motion was orally denied by the trial court after hearing testimony and argument of counsel. However, the denial of the motion was not included in the Judgment signed on February 4, 1998. Plaintiffs appealed the signed Judgment of February 4, 1998, but urged as their only assignment of error the oral denial of their motion to vacate the prior consent judgments.

DISCUSSION
On appeal, the plaintiffs argue that the trial court erred in not vacating the prior consent judgments rendered in this matter. This is the only specification of error assigned by the plaintiffs in their brief to this court. Plaintiffs do, however, address the final judgment signed by the trial court in this case on February 4, 1998. After a thorough review of the record, we conclude that there is no right to appeal, and therefore, dismiss plaintiffs' appeal. Accordingly, we will not address the merits of the trial court's February 4, 1998 judgment.
Initially, we note that the Motion and Order to Vacate Judgment filed by plaintiffs was not the appropriate remedy to seek. The only remedy available to a party seeking to set aside a final judgment is an action in nullity pursuant to La.Code Civ. P. art. 2001, et seq. However, there is nothing in the record to suggest that there were any vices of form or substance that would have required the annulment of the judgment in question. Thus, the plaintiffs filed a motion to vacate. When the trial court denied this motion, the plaintiffs attempted to circumvent an unfavorable outcome by appealing the trial court's denial of their motion. However, as explained below, the plaintiffs have no right to appeal under these circumstances. Therefore, we dismiss the appeal.
Pursuant to La.Code Civ. P. art. 2085, "[a]n appeal cannot be taken by a party who confessed judgment in the proceeding in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." See Francis v. O'Neal, 26,193, p. 1 (La.App. 2 Cir. 10/26/94), 645 So.2d 236, 237; Cowart v. Martin, 358 So.2d 652, 653 (La.App. 1 Cir.1978). Furthermore, where there is no right to appeal, an appellate court may dismiss an appeal on its own motion. La. *931 Code Civ. P. art. 2162; See also Adams v. St. Tammany Parish Police Jury, 93-0717, p. 3 (La.App. 1 Cir. 4/8/94), 636 So.2d 1003, 1004.
The consent judgments at issue were final judgments as between the parties. The record is clear that the plaintiffs not only consented to the $8,000.00 limitation being placed on the reimbursement claims of the parties, but also were the ones who requested this relief. According to the testimony of the plaintiffs' original counsel of record, Carolyn McNabb, she and counsel for Mrs. Sothern agreed upon the $8,000.00 cap on damages. Ms. McNabb testified as follows:
BY MR. BARRIOS:
Q. Where did the $8,000 number come from? Do you know how we arrived at that number?
A. Not really. You and I had many, many, many discussions about the numbers back and forth. As I recall, it was a compromise. I was attempting to limit my client's [sic] exposure on Miss Sothern's reimbursement claim and you were attempting to limit Miss Sothern's exposure on the other two reimbursement claims and I think you and I just sort of arrived at a middle figure which did both those thingskind of capped off our respective clients' potential exposure.
Although not specifically termed a consent judgment, this particular judgment was in effect a consent judgment, i.e., it was sought by the plaintiffs and agreed to by the Estate. Thus, the judgment was not appealable.

DECREE
For the above and foregoing reasons, the appeal filed by plaintiffs is dismissed at their cost.
APPEAL DISMISSED.
FITZSIMMONS, J., dissents and assigns reasons.
FITZSIMMONS, Judge, dissenting with reasons.
I respectfully dissent from the majority decision. I would affirm the lower court judgment. It is initially noted that this case is plagued by two procedural errors that complicate its understanding. It is for this reason that the road traversed in attempting to unravel the procedural pathway digresses from the judicial course of travel undertaken throughout the main opinion.
The majority holds that the motion and order to vacate judgment, asserted by appellants, was not the appropriate remedy to seek. Although technically correct, the courts have widely recognized that the nature of a pleading must be determined by its substance, not by its caption. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1st Cir.1991). As we have previously noted: "[i]t matters not that plaintiff styled [an] action for nullity as a motion to rescind a consent judgment, a device not found in the Louisiana Code of Civil Procedure. The nature of the pleading is controlling, not the title." Hebert v. Hebert, 95 2155, p.6, n.14 (La.App. 1st Cir.9/19/97); 700 So.2d 958, 961.
This procedural flaw is exacerbated by the November, 1997 "consent judgment." That grant of summary judgment to the plaintiffs on the issue of limiting the reimbursement amount to the sum of $8,000.00, is not signed on behalf of either of the litigating parties.
A consent judgment is a bilateral contract and it must be based on consent. Succession of Morvant, 578 So.2d 549, 553 (La.App. 3rd Cir.1991). There is no evidence that the parties entered into an agreement that was, thereafter, formulated into a consent judgment. Although captioned as a "consent judgment," in actuality, it is a mere summary judgment granted by the court on a particular issue.
The summary judgment under review is, additionally, a partial summary judgment.
*932 Pursuant to La.C.C.P. art. 1915(B)[1]:
(1) [w]hen a court renders a ... partial summary judgment ... as to one or more but less than all of the claims, demands, issues, theories, or parties, ... the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay....
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims ... shall not constitute a final judgment for the purpose of an immediate appeal Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims.
Thus, the trial court's grant of summary judgment on the issue of the $8,000.00 was a partial summary judgment that was not designated as a final judgment for which there was no reason for delay. Pursuant to La. C.C.P. art. 1915, it became final, and thus ripe for appeal purposes, after the judgment of February 4, 1998, when the merits of all claims in the case were adjudged.
In sum, there was no consent judgment relative to the limitation of the sum of reimbursement amounts; however, there was a partial summary judgment. It is that partial summary judgment grant that, following the final judgment by the trial court, should properly be before this court at this time. The underlying issue, on review, should be the viability of that partial summary judgment.
Appellate courts review summary judgments de novo, pursuant to the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Dempsey v. Automotive Casualty Insurance, 95-2108, p.4 (La.App. 1st Cir.6/28/96); 680 So.2d 675, 677. Pursuant to La. C.C.P. art. 966, the summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed. The procedure is favored and shall be construed to accomplish its end. La. C.C.P. art. 966(B). The granting of summary judgment remains, however, proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p.5 (La.App. 1st Cir.5/20/94); 637 So.2d 825, 828, writ denied, 94-1638 (La.10/14/94); 643 So.2d 159.
In the instant matter, the motion and order filed on behalf of the plaintiffs to deposit $8,000.00 from the proceeds of the sale of the property into the registry of the court "to satisfy all future claims of reimbursement between the parties" fulfills the evidentiary requirement of La. C.C.P. art. 966(C). The record provides that the matter "came for hearing on the 16th day of October, 1997 on motion for summary judgment[.]" Accordingly, the evidence substantiates compliance with the requisite contradictory hearing. La. C.C.P. art. 966(D). Notwithstanding the erroneous denomination of the grant of summary judgment as a "consent judgment," the grant of a summary judgment on the issue of the limitation of $8,000.00 as the ceiling, and repository, for reimbursement proceedings is meritorious, based upon the plaintiffs' previous motion and order. Accordingly, it is respectfully asserted that a disentanglement of the convoluted procedural web characterizing this case should result in an appellate decision to affirm the grant of the improperly named summary *933 judgment, rather than to dismiss the appeal on the basis of its title classification.
NOTES
[1] See Acts 1997, No. 483, § 2, eff. July 1, 1997.