CHARLES R. JONES, Judge.
The Appellants, Jennifer Smith, et. al., appeal the judgment of the district court granting two motions for summary judgment in favor of the Appellees, the State of Louisiana, on behalf of Charity Hospital in New Orleans (hereinafter “Charity”), and Coroner, Frank Minyard. For the reasons assigned, we affirm in part and reverse in part.
Facts and Procedural History
Robert Anderson was involved in a vehicle/pedestrian accident on May 1, 1997. He was transferred to Charity where he underwent nine days of surgeries and later died on May 9, 1997. Mr. Anderson’s body was transferred to the morgue at the Orleans Parish Coroner’s Office, where an autopsy was performed on May 10, 1997. After the autopsy was complete, his body was released and transported to the Owens-Thomas Funeral Home in Ville Platte, Louisiana.
The Appellants, Mr. Anderson’s surviving wife and children alleged that on May 16, 1997, an employee of the funeral home informed them that Mr. Anderson’s eyes had been removed. The Appellants filed suit in Civil District Court for the Parish of Orleans against Charity and the Coroner. Both Charity and the Coroner filed individual Motions for Summary Judgment. The district court [ gheard the motions on June 27, 2003. In oral reasons for judgment stated on the record, the district court found that the Appellants failed to meet their burden of proof and put forth ... “no evidence to suggest that either of these defendants are liable.” The motions for summary judgment were granted on August 8, 2003, dismissing Charity and the Coroner from the instant lawsuit with prejudice.
Appellants filed this timely devolutive appeal on September 2, 2003, arguing that the district court erred in granting the Motions for Summary Judgment. Charity answered the appeal on October 27, 2003, seeking attorney’s fees for Appellants’ filing a frivolous appeal.
Argument
In support of its Motion for Summary Judgment, the Coroner presented the autopsy protocol and the affidavit of Dr. Richard E. Tracy, the pathologist who performed the autopsy on Mr. Anderson. Charity, in support of its Motion for Summary Judgment, submitted the affidavit of Dr. William Newman, the Director of the Charity Hospital Morgue, and Mr. Anderson’s medical records while at Charity.
In connection with the opposition to the Motions for Summary Judgment, Mr. Anderson’s surviving spouse submitted her *210 own affidavit, stating that: 1) Mr. Anderson’s eyes were present before his death, but missing when his body was brought to the funeral home; 2) The Coroner’s office had custody and control over Mr. Anderson’s body after his death; and, 3) “During that period of time, there were numerous complaints which documented that the eyes of several other corpses under the care, custody and control of the Orleans Parish Coroner had been ‘harvested’.”
At the hearing on the motions, the Appellants presented the district court with two additional affidavits prepared by employees of the Owens-Thomas Funeral Home. Although untimely, the district court accepted the documents into evidence. Both affiants stated that they were involved with the preparation of Mr. Anderson’s body and that they personally noticed both of Mr. Anderson’s eyes were missing.
Legal Analysis
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Potter v. First Federal Savings & Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
After the movant has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. LA. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967.
The medical records, from both Charity and the Coroner, specifically state that Mr. Anderson’s eyes were in tact at the time he was pronounced dead and at the time the autopsy was performed. Additionally, the affidavits submitted by Drs. Newman and Tracy clearly state that neither of them, nor any one affiliated with Charity or the Coroner’s Office, removed Mr. Anderson’s eyes.
However, the record also supports the allegations that Mr. Anderson’s surviving spouse was unaware that Mr. Anderson’s eyes were missing until the funeral home contacted her. Although the district court suggests that the affidavits submitted by the Appellants do not suggest liability on the part of Charity or the Coroner, we are of the opinion that there is no question that Mr. Anderson’s eyes were missing and therefore responsibility lies somewhere. Yet, the affidavit of Dr. Newman that Charity presented in support of its *211 summary judgment motion attests that Mr. Anderson’s body was released to the Coronor’s office on May 9, 1997. The affi-ant further attests that the Coroner’s office performed the autopsy the next day. The affiant still further attests that the autopsy report reflects that the deceased’s “[ejyelids and sclerae are conspicuously swollen with slight yellow coloration in the conjunctivae.” The term sclerae means the “hard white outer covering of the eyeball.” P.H. Collin, Dictionary of Medicine 402 (3rd ed.2000). The affidavit thus clearly establishes that Mr. Anderson’s eyes were intact at the time his body left Charity.
Accordingly, there is a genuine issue of material fact that must be given proper judicial consideration by allowing a full trial on the merits as far as the Coronor’s office is concerned. Accordingly, we find that the Appellants carried their burden of proof as required by La. C.C.P. art. 967, especially once the district court agreed to admit the subsequent affidavits of the funeral home employees.
Charity filed an Answer to this appeal, seeking attorney fees and costs for having to defend a frivolous appeal. Pursuant to La. C.C.P. art. 2164, an appellate court may award damages for a frivolous appeal. An appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates. Francis v. O’Neal, 26,193, 26,194 (La.App. 2 Cir. 10/26/94), 645 So.2d 236, 237. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted. George v. M & G Testing and Serv., Inc., 95-31 (La.App. 3 Cir. 7/19/95), 663 So.2d 79, 86.
As stated in Tillmon v. Thrasher Waterproofing, 00-0395 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, this court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process. Based on the record in the present case, we do not find that this appeal is unquestionably frivolous; and, under the circumstances, damages are not warranted.
Decree
For the foregoing reasons, the judgment of the district court, granting the Motion for Summary Judgment in favor of Charity is affirmed. However, we find that the district court erred in granting the Motion for Summary judgment in favor of the Coroner and reverse that judgment.
AFFIRMED IN PART; REVERSED IN PART.