NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CU 0453

GEORGE W. WOLFE, II

VERSUS

LINDSEY RENEE BREAUD

Judgment Rendered:   MAR 0 2 2020

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension, Louisiana
Docket Number 115,954

Honorable Katherine Stromberg, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Pegram J. Mire, Jr.<br>Gonzales, LA | Counsel for Plaintiff/Appellee,<br>George W. Wolfe, II |
| Brian J. Prendergast<br>Baton Rouge, LA<br>and<br>Marcus J. Plaisance<br>Mark D. Plaisance<br>Prairieville, LA | Counsel for Defendant/Appellant,<br>Lindsey Renee Breaud |

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE:  WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**WHIPPLE, C.J.**

In this appeal, Lindsey Breaud challenges the trial court's custody judgment implementing a 50/50 shared custody plan between the parties. For the following reasons, we dismiss the appeal.

**FACTS AND PROCEDURAL HISTORY**

Lindsey Breaud and George Wolfe, II, who were never married, are the parents of one child, M.B., born on February 1, 2012. The parties have shared joint custody of the child with Ms. Breaud designated as the domiciliary parent since the trial court signed a Stipulated Judgment of custody on September 1, 2016. Additional stipulated judgments modifying certain conditions of the physical custody implementation were signed on January 4, 2017 and May 19, 2017.

Pertinent to the instant appeal, a hearing on the issue of custody was conducted on November 7, 2018, after Mr. Wolfe requested that his original petition for joint custody with a 50/50 sharing of physical custody be heard and after Ms. Wolfe filed a Rule for Sole Custody alleging a physical altercation between Mr. Wolfe and his teenaged son from another relationship had occurred and placed her child "in severe risk of harm." At the conclusion of the hearing, the trial court found that the child was not in any danger from Mr. Wolfe and ordered that the parents share physical custody on a 50/50 basis on a week-to-week schedule with Ms. Breaud designated as the domiciliary parent.

The trial court then signed two judgments, each dated November 29, 2018. While each judgment orders that custody is modified to award the parties 50/50 shared custody rotated on a weekly basis with Ms. Breaud designated as the domiciliary parent, certain provisions of each judgment differ substantively from the other. Ms. Breaud timely appealed both

2

judgments, which appeals have been docketed separately, with the instant appeal bearing docket number 2019 CU 0453, and the appeal of the other November 29, 2018 judgment bearing docket number 2019 CU 0454.

The November 29, 2018 judgment that is the subject of this appeal has a handwritten notation that the judgment was vacated, which was signed and dated by the trial court; therefore, this court issued a Rule to Show Cause Order on April 17, 2019, ordering the parties to show cause by briefs on or before May 2, 2019, as to why this appeal should or should not be dismissed. Only Ms. Breaud responded.

Additionally, noting the lack of a Motion for New Trial in the appellate records of either appeal, this court further issued orders of limited remand in both the present appeal and the appeal bearing docket number 2019 CU 0454, seeking clarification from the trial court. The trial court responded by filing written reasons with attached exhibits, stating that the judgment that is the subject of this appeal was vacated with "agreement from counsel for both parties."

**DISCUSSION**

As a reviewing court, we are obligated to recognize our lack of jurisdiction if it exists. Starnes v. Asplundh Tree Expert Company, 94-1647 (La. App. 1st Cir. 10/6/95), 670 So. 2d 1242, 1245. Furthermore, where there is no right to appeal, an appellate court may dismiss an appeal on its own motion. LSA-C.C.P. art. 2162; see generally Guidry v. Sothern, 98-1152 (La. App. 1st Cir. 5/14/99), 734 So. 2d 928, 930-931 (judgment that was in effect a consent judgment, although not specifically termed as such, was not appealable). Generally, the substance of a final judgment can be altered only by a timely motion for new trial, a timely appeal, or on the trial court's own motion with the consent of the parties. LaBove v. Theriot, 597

3

So. 2d 1007, 1010 (La. 1992); <u>Villaume v. Villaume</u>, 363 So. 2d 448, 450-451 (La. 1978).

Now that the record on appeal has been supplemented with the trial court's reasons with attached exhibits, this court concludes that the November 29, 2018 judgment that is the subject of this appeal was vacated by the trial court on its own motion with the consent of the parties.[2] <u>Cf.</u> <u>LaBove</u>, 597 So. 2d at 1010. Thus, we dismiss the instant appeal of the vacated judgment.

## CONCLUSION

For the above and foregoing reasons, the instant appeal of the November 29, 2018 judgment which was vacated by the trial court with the consent of the parties, is hereby dismissed. Costs of this appeal are assessed one-half each against the parties, George W. Wolfe, II and Lindsey Renee Breaud.

**APPEAL DISMISSED.**

---

[2]The Louisiana Supreme Court has held that a trial court's substantive amendment to a final judgment made with the consent of the parties and **prior to the lapse of the delay for taking an appeal** creates a new final judgment. <u>See</u> <u>Brazan v. Brazan</u>, 653 So. 2d 581 (La. 1995), & <u>Villaume v. Villaume</u>, 363 So. 2d at 451. The delay for taking an appeal of a child custody judgment is thirty days, LSA-C.C. arts. 3943 & 3942. The trial court's December 20, 2018 handwritten order vacating the November 29, 2018 judgment subject to this appeal was clearly within the appeal delays and, thus, was a timely amendment to that judgment.