SCHOTT, Judge.
The husband has appealed from a consent judgment in favor of his wife for alimony pendente lite and child support in the amount of $600 per month. In his brief to this court he contends “that he gave his attorney no such authority” to enter into the consent judgment and he specifies error in the trial court’s awarding a consent judgment without his consent. He is represented in this court by a lawyer other than the one who represented him in the trial court.
The consent judgment which was signed on September 13,1979, recites that the rule came to be heard on June 6 with appellant represented by his previous attorney. That attorney filed a motion withdrawing as counsel of record on June 15, and an order to that effect was signed on June 18. Present counsel took the appeal on September 18. There was no testimony at the trial of the rule.
An appeal cannot be taken by a party who confessed judgment in the trial court. LSA C.C.P. Art. 2085. In Martin v. Holzer Sheet Metal Works, Inc., La., 376 So.2d 500, the court held that a confession of judgment will preclude an appeal if it consists of an admission by a party in the trial court of the validity of his opponent’s claim in such a way as to leave no issue to be tried. The court further held that an appeal is subject to dismissal where appellant’s attorney clearly and unequivocally agreed in open court to the entire judgment rendered against it. The only issue before the trial court in this case was the amount of alimony and child support to be awarded. By his consent to that amount through his attorney appellant forfeited his right to appeal from the judgment.
Additionally, appellant’s argument is based on statements of his present counsel in brief which are not part of the record on appeal. In the meantime, appellee’s counsel *567 states in brief that appellant was present with his former attorney during conferences with appellee’s counsel and that appellant was present when the stipulation of consent was entered. The Court of Appeal is not the place for a resolution of such a conflict. Appellant filed no rule in the trial court to show cause why the judgment should not have been recalled, no application for new trial[1] and no action of nullity. In short, there is no evidence to show that the judgment consented to was not authorized by appellant. Accordingly, the judgment is affirmed.
AFFIRMED.

. The petition for appeal was filed within the delay for applying for new trial.