471 So.2d 1130 (1985)
Kathleen Hendricks HILL, Plaintiff-Appellant,
v.
Thomas HILL, Defendant-Appellee.
No. 84-540.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1131 Darrell D. Ryland, Marksville, for plaintiff-appellant.
K. Ray Rush, Oakdale, for defendant-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KNOLL, Judge.
Kathleen Hill appeals the trial court judgment, modifying her previous award of sole custody of her minor child, Ashley Leann Hill, and awarding joint custody to Kathleen Hill and Thomas Hill. The sole issue is whether the parents' stipulation to a joint custody plan coupled with their attorneys' signatures on the judgment constitutes a consent judgment under C.C.P. Art. 2085. We affirm.
An appeal cannot be taken by a party who confessed judgment in the trial court proceedings or who voluntarily and unconditionally acquiesced in a judgment rendered against him. C.C.P. Art. 2085; Cowart v. Martin, 358 So.2d 652 (La.App. 1st Cir.1978). An appeal is subject to dismissal where appellant's attorney clearly and unequivocally agreed in open court to the entire judgment rendered against him. See Armstrong v. Armstrong, 384 So.2d 566 (La.App. 4th Cir.1980) and Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979).
Kathleen Hill contends that the trial judge incorrectly assumed that she agreed to the joint custody plan when in fact she never intended to agree to joint custody, was misled, and never had an opportunity to contest the joint custody plan. She is represented by a different attorney on appeal. Thomas Hill contends that the judgment at issue resulted after much discussion between the parties and after each party specifically understood the terms and conditions of the joint custody plan.
At the hearing on the rule for joint custody, Kathleen Hill's attorney stated:
"On behalf of Kathleen Hill, we would like to mark this D-1, the monthly expenses for Ashley, the minor child and this form is dated March 28, 1984. After conferring with the Court in chambers in the presence of both counsel, we would offer the following stipulation: that based on the pleadings and on the evidence introduced and the discussions with the Court, we would agree to submit a judgment [sic] to the Court awarding joint custody of the minor child, Ashley Leann Hill, such that the mother would have custodyphysical custody of the child during the months of September, October, November, December, January, February, March, April and May, and the father, Thomas Hill, would have the physical custody of the child during the months of June, July, and August...." (Emphasis added.)
Thereafter a judgment was prepared, incorporating the exact terms of the joint custody plan enumerated by counsel for Kathleen Hill. The judgment was signed by counsel for both parties as well as the trial judge. We find the judgment appealed is a consent judgment, therefore, under C.C.P. Art. 2085 it is not appealable.
Kathleen Hill has filed no rule in the trial court to show cause why the judgment should not have been recalled, no application for a new trial, and no action of nullity. In short, there is no evidence to show that the judgment consented to was not authorized by Kathleen Hill. See Armstrong, supra.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Kathleen Hill.
AFFIRMED.