567 So.2d 748 (1990)
James Howard McDANIEL, Jr., Plaintiff-Appellant,
v.
Saundra Paulette Jenkins McDANIEL, Defendant-Appellee.
No. 21732-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
Charles A. Riddle, III, Marksville, for plaintiff-appellant.
McKeithen & McKeithen by Anita D. McKeithen, Monroe, for defendant-appellee.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
In this domestic litigation, James Howard McDaniel, Jr., appeals from a stipulated *749 portion of a trial court judgment ordering him to donate his one-half interest in the family home to his two minor children. He asserts that there is a misunderstanding as to the stipulation entered into by the parties at the hearing at which child support and alimony were set. For the reasons assigned below, we affirm.

FACTS
Mr. McDaniel and Saundra McDaniel were judicially separated on August 29, 1988, in proceedings held in West Carroll Parish, Louisiana. On May 1, 1989, Mr. McDaniel filed a petition for divorce in East Carroll Parish. He prayed for child support to be set at $400 per month per child.
On May 12, 1989, Mrs. McDaniel filed an exception of venue, asserting that the proceedings should be held in West Carroll where: the parties had maintained the matrimonial domicile, the community property was located, the children resided, and the separation proceedings had been held. On June 30, 1989, the exception was overruled on the grounds that Mr. McDaniel then resided in East Carroll Parish.
On June 30, 1989, Mrs. McDaniel filed an answer and reconventional demand in which she sought a divorce from Mr. McDaniel. She sought child support of $500 per month per child, as well as alimony of $500 per month.
A hearing was held on August 9, 1989. At that time, following pre-trial negotiations, the parties entered into stipulations which were read into the record. The stipulations related to alimony, child support, and payment of one community debt (a Sears bill). In pertinent parts, the transcript provides as follows:
ELIZABETH THURMAN: Okay. That is correct now. And Mr.
[Mrs. McDaniel's trial attorney] McDaniel will donate his interest, ½ interest,
 in the family home to his two (2) minor
 children.
 * * * * * *
C.J. WYLY: You have heard the stipulations?
[Mr. McDaniel's trial attorney]
JAMES McDANIEL: That is correct.
C.J. WYLY: You are now under oath. Do you understand
 about the alimony, you understand
 about the medical, the house going to the
 children, so forth?
JAMES McDANIEL: That is correct.
C.J. WYLY: Do you agree to those stipulations?
JAMES McDANIEL: Yes, I do.
C.J. WYLY: And you know what you are doing?
JAMES McDANIEL: Yes, I do.
During the hearing, Mr. McDaniel made no objection to the various recitations of the stipulations. Based upon the stipulations entered into by the parties, a judgment was prepared which provided in relevant part:
"IT IS FURTHER, [sic] ORDERED, ADJUDGED AND DECREED that *750 Plaintiff, JAMES HOWARD McDANIEL, JR. donate his one-half (½) interest in the family home to his two minor children, Lydia Louise McDaniel and James Howard McDaniel, III, equally, and that Plaintiff, JAMES HOWARD McDANIEL, JR. sign and execute any documents necessary to accomplish same."
The judgment also granted the parties a final divorce based upon evidence adduced at the hearing. The judgment went on to further provide that a temporary restraining order was issued to prohibit the parties from alienating or encumbering community property until such time as a community property settlement could be accomplished. It also ordered Mr. McDaniel to pay child support of $500 per month per child and to maintain medical and hospitalization insurance on the children. It also provided that he was to pay Mrs. McDaniel permanent alimony of $200 per month.
Mr. McDaniel appeals from the portion of the judgment requiring him to donate his half of the family home to his children. He maintains that there is a misunderstanding as to whether this agreement requires the transfer of not only the house but also the land upon which the house is situated. The issues raised by this appeal are the following: (1) whether Mr. McDaniel has the right to appeal the judgment which contains a stipulation; (2) whether a stipulated judgment may include matters not prayed for specifically by either party; and (3) whether the language in the judgment requires Mr. McDaniel to donate immovable property.

APPEALABILITY OF JUDGMENT
LSA-C.C.P. Art. 2085 provides:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
Under C.C.P. Art. 2085, a consent judgment is not appealable. Martines v. Martines, 375 So.2d 768 (La.App. 4th Cir. 1979). An appeal is subject to dismissal where appellant and/or his attorney clearly and unequivocally agreed in open court to the entire judgment rendered against him. Armstrong v. Armstrong, 384 So.2d 566 (La.App. 4th Cir.1980); Hill v. Hill, 471 So.2d 1130 (La.App. 3rd Cir.1985).
A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. By its nature as an agreement between the parties, it is not limited by the pleadings. McLain v. McLain, 486 So.2d 1044 (La.App. 2d Cir.1986).
The record demonstrates that the parties in the present case entered into a mutual agreement on child support and alimony which was incorporated into the divorce judgment with full consent of all parties. The terms of this agreement included a jointly stipulated donation of property to the children (not a partition per se between the spouses) in satisfaction of part of Mr. McDaniel's support obligation. Both parties and their attorneys were present in open court when the terms of the agreement were stated. Thereafter, their respective attorneys signed the judgment, approving its form. Mr. McDaniel did not file a rule to show cause why the judgment should not be recalled nor did he file an application for new trial, or an action of nullity. The appellant's arguments as to a "misunderstanding" are not supported by any evidence in the record before us. Thus, this court is presented with nothing to review on appeal.
If a party wishes to attack the judgment on account of bad faith, error, or fraud, he must first do so in the trial court. If Mr. McDaniel fails to donate the property in question to his children, a motion to compel may be filed. At a subsequent hearing, the parties may fully litigate any and all relevant issues, such as the intent of the parties *751 and the proper interpretation to be placed upon the provisions of the judgment.

CONCLUSION
Based upon the present posture of this case and the record before us, we affirm the trial court judgment. Costs are assessed against Mr. McDaniel.
AFFIRMED.