NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-605

KIMBERLEY LEDOUX OLIVIER

VERSUS

FRANK MITCHELL OLIVIER

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-4139-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and D. Kent Savoie, Judges.

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED.

Anne E. Watson
The Law Office of Anne E. Watson, LLC
232 North Liberty Street
Opelousas, LA 70570
(337) 942-9790
COUNSEL FOR PLAINTIFF/APPELLEE:
        Kimberley Ledoux Olivier

Julie Vaughn Felder
Julie Koren Vaughn Felder, APLC
P. O. Box 80399
Lafayette, LA 70598
(337) 856-3444
COUNSEL FOR DEFENDANT/APPELLANT:
        Frank Mitchell Olivier

Bradford H. Felder
G. Andrew Veazey
Dona K. Renegar
Rebecca K. Bayless
Veazey, Felder & Renegar, LLC
2 Flagg Place
Lafayette, LA  70508
(337) 234-5350
COUNSEL FOR DEFENDANT/APPELLANT:
        Frank Mitchell Olivier

**SAUNDERS, Judge.**

The issue presented in this case is whether the trial court's grant of Plaintiff-Appellee's Exception of No Cause of Action dismissing Defendant-Appellant's Rule for Modification of Child Support, Joint Custody Plan, Contempt of Court, Attorneys Fees and Court Costs was correct.

**FACTS AND PROCEDURAL HISTORY:**

On December 21, 1998, Plaintiff-Appellee, Kimberley Ledoux Olivier (Kim) and Defendant-Appellant, Frank Mitchell Olivier (Mitch) were married. Together they had three children, Chandler Mitchell Olivier, born June 2, 1999, Carsyn Olivier, born April 4, 2001, and Carter Olivier, born April 1, 2008.

On October 6, 2017, the parties were granted a divorce after nineteen years of marriage. A Consent Judgment was signed by the court on December 4, 2017, which contained the following:

1.  The parties were granted joint custody of the two (2) minor children, Carsyn and Carter with Kim being designated as domiciliary parent, and Mitch was awarded visitation set out in the Joint Custody Plan Implementation Plan as every other weekend from Friday to Monday morning and every Tuesday night to Wednesday morning, in addition to holidays and an additional one (1) week in June and one (1) week in July.

2.  Mitch was ordered to pay $1,800.00 per month in child support plus all private school tuition of his children.

3.  The graduation of Carsyn Olivier from high school would not be considered a change in circumstances for the purposes of requesting a decrease in child support payments (she graduated high school in May of 2019).

4.  Mitch maintains health and dental insurance on the children and uncovered medical expenses are to be paid by Mitch.

As can be seen from the Community Property Partition Agreement, Mitch is the owner and operator of several crawfish businesses. He farms and sells crawfish. He is self-employed. Kim is a school teacher in St. Landry Parish. The Consent

Judgment of December 4, 2017, and the Community Property Partition Agreement were the result of protracted litigation. The partition was accomplished with the understanding that Mitch would keep all the crawfish businesses and assets and Kim and the children would own and continue to live in the family home. This can be seen in the Partition Agreement – all crawfish business assets were transferred to Mitch and Kim retained the family home.

Although the parties' daughter, Carsyn Olivier, was planning to graduate high school in May of 2019, Mitch agreed that her graduation would not in and of itself be a basis to change child support, to allow Kim to be able to continue to pay the house note on the family home with the $1,800.00 per month child support.

Although there were no accountants employed to determine Mitch's income from his self-employment, the Hearing Officer estimated his income at $8,333.33 per month. The worksheets prepared by Mitch's counsel for settlement purposes estimated Mitch's income from a low of $6,785.00 per month to a high of $20,833.00 per month.

Due to the complexities in actually determining Mitch's monthly income, the parties agreed to a midpoint between the high and low or an average between the two (2) incomes which is $13,809.00 per month. That worksheet resulted in child support of $1,840.50 per month. The parties agreed on $1,800.00 per month as can be seen in the Consent Judgment of December 4, 2017.

On April 20, 2018, four and a half months after the Consent Judgment was signed and filed, Mitch retained a new attorney and filed for Modification of Child Support and the Joint Custody Plan seeking an equal sharing of time with the children.

On October 5, 2018, Kim filed a Peremptory Exception of No Cause of Action and Dilatory Exception of Vagueness, which were scheduled to be heard by Judge

Meche on October 15, 2018, along with the Rule for Modification filed by Mitch. On May 31, 2018, Kim also filed a Rule for Temporary Restraining Order, Rule for Contempt, Attorneys Fees and Court Costs, and to Enforce Community Property Partition. This was also set for hearing on October 15, 2018.

At the hearing before the Honorable Judge Meche on October 15, 2018, Judge Meche recused himself. Hence, Judge Meche did not rule on Mitch's Rule for Modification nor Kim's Exceptions.

This matter was then transferred to Judge Alonzo Harris, and Kim's Exceptions were rescheduled to be heard by Judge Harris on May 14, 2019. Written Reasons for Judgment on Kim's Exceptions were signed and filed on May 23, 2019, by Judge Harris granting Kim's Exceptions. On July 8, 2019, a Judgment on Exceptions was signed by the trial court.

On July 25, 2019, Mitch timely moved for appeal of the trial court's judgment sustaining Kim's Exception of No Cause of Action and dismissing his Rule for Modification of Child Support. Pursuant to that appeal, Mitch is presently before this court alleging six assignments of error.

## ASSIGNMENTS OF ERROR

1. The original child support judgment was flawed and therefore cannot serve as a basis to deny modification of child support.

2. Child support awards are always modifiable.

3. Evidence may not be considered on an exception of no cause of action.

4. Mitch's rule states a cause of action for the modification of child support.

5. There is no requirement to show a change in circumstances to modify custodial periods.

6. The trial court's judgment does not comport with the reasons for judgment and the rule for contempt should not have been dismissed.

**ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, THREE, AND FOUR:**

In his first assignment of error, Mitch contends that the original child support judgment was flawed and therefore cannot serve as a basis to deny modification of child support. In his second assignment of error, Mitch contends that child support awards are always modifiable. In his third assignment of error, Mitch contends that evidence may not be considered on an exception of no cause of action. In his fourth assignment of error, Mitch contends that his Rule states a cause of action for the modification of child support. We find no merit to these contentions. We address under one heading these assignments of error, as the standard of review is the same and all four seek reversal of Kim's No Cause of Action with regard to child support.

> In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 119 (citations omitted).

Initially, we recognize that the judgment in this matter was not merely a judicial decree. Rather, it was a consent judgment reached by the parties. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. *McDaniel v. McDaniel*, 567 So.2d 748, 750 (La.App. 2 Cir. 1990). Spouses are free to contract with each other before or during a marriage as to all matters that are not prohibited by public policy, and the incapacities based on marital status have been removed. See La.Civ.Code art. 2329, Revision Comment (a).

Mitch contends that the Consent Judgment is flawed and cannot serve as a basis to deny modification of child support because the record is devoid of any

information from which the trial court could have complied with its gatekeeping obligation to review the Consent Judgment to ensure its adequacy. Mitch cites *Stogner v. Stogner*, 98-3044 (La. 7/7/99), 739 So.2d 762, in support of the proposition that since no worksheet was attached to the Consent Judgment, a change in circumstance need not be proved to justify a modification of support. Mitch is attempting to set aside a Stipulated Judgment which was submitted after a hearing in which he and Kim confirmed their intent to enter into a complete and total compromise of all the claims pending before the trial court. Thus, the burden is on him to show that the compromise was invalid. See *Klebanoff v. Haberle*, 43,102 (La.App. 2 Cir. 3/19/08), 978 So.2d 598. Moreover, because the compromise was reduced to a judgment and signed by the trial court, Mitch can only attack it via the methods authorized by law. *Preston Oil Co. v. Transcon. Gas Pipe Line Corp.*, 594 So.2d 908 (La.App. 1 Cir. 1991). See also, *Bonaventure v. Pourciau*, 577 So.2d 742, (La.App. 1 Cir. 1991).

Kim counters that the Consent Judgment of December 4, 2017, and the Community Property Partition Agreement were the result of protracted litigation. Kim argues that the *Stogner* case is inapplicable, because unlike herein, there was no evidence presented that there was a Hearing Officer recommendation based on worksheets present in the record, and *Stogner* involved a deviation from the child support guidelines. Herein, there was no deviation from the child support guidelines.

In *Adrian v. Adrian*, 15-419, pp. 5-6 (La.App. 3 Cir. 11/4/15), 178 So.3d 297, 301 (citations omitted), this court noted:

> The law sets forth the various methods whereby a judgment may be attacked. A party may sue to have the judgment declared a nullity for vices in either form or substance. [A] final judgment may be annulled if it is rendered against an incompetent person not properly served with process, against a defendant not served with process and who has not entered a general appearance, or by a court which does not have subject matter jurisdiction of the litigation. Also, a final judgment

5

can be annulled if obtained through fraud or ill practices. However, absent an attack via one of the well-delineated methods of attacking a final judgment, the judgment maintains the effect of the law between the parties.

Here, the parties balanced "the hope of gain with the fear of loss" when they agreed that Mitch would keep all the crawfish businesses and assets, and Kim and the children would own and continue to live in the family home. Further, they agreed that the graduation of Carsyn Olivier from high school will not be considered a change in circumstances for the purpose of requesting a decrease in child support. The agreement took into account the Hearing Officer recommendations, the worksheets prepared by Mitch's counsel, and the amount needed for Kim to pay the monthly mortgage so that she and the children could remain in the family home.

Mitch seeks reversal of the no cause of action by contending that child support awards are always modifiable and asserts that his Rule stated a cause of action for modification of child support. Mitch contends that the trial court refused to modify the child support award because the parties reached an agreement involving community property and support issues. Mitch acknowledges that while he agreed to pay Kim $1,800.00 per month in child support and that the graduation of Carsyn Olivier from high school will not be considered a change in circumstances for the purpose of requesting a decrease in child support, he now contends that since that time there has been a material change in circumstances affecting his monthly income in that the crawfish production was slowed due to ice and snow in late 2017 and early 2018; that the crawfish production had increased thereby causing an over saturation in the market; and that the weather and oversaturation in the crawfish market caused economic downfall. As such, Mitch contends that he is entitled to a reduction in child support.

6

Mitch also seeks reversal of the no cause of action by contending that because the trial court considered and relied upon extrinsic evidence to sustain the exception of no cause of action, its decision should be reversed. The evidence admitted was three (3) settlement negotiation letters dated July 6, 2017, September 27, 2017 with three (3) worksheets, and October 4, 2017. The only objection made by Mitch's counsel was that they were inadmissible as "part of settlement negotiations." There was no objection made that they were inadmissible as part of an Exception of No Cause of Action hearing. Since the matter was already settled in December of 2017, the court allowed the letters in evidence to show how the $1,800.00 per month of child support was negotiated and agreed upon and to show it was in conjunction with the child support guidelines since Mitch's counsel brought up the *Stogner* case asserting worksheets had not been utilized. Regardless, there was evidence in the record on December 4, 2017, from which Judge Harris could determine if the $1,800.00 per month child support complied with the guidelines – Mitch's tax returns for five (5) years, a worksheet, and a summary of the tax returns. Thus, we find no error in the trial court's admitting of this evidence.

Given the foregoing, we conclude that Mitch has failed to show that the Stipulated Judgment is null and cannot serve as a basis to deny modification of child support, nor can he show any error by the trial court in sustaining Kim's No Cause of Action related to child support. Accordingly, we affirm the trial court's ruling on these issues.

**ASSIGNMENTS OF ERROR NUMBERS FIVE AND SIX:**

We will address assignments of error five and six together, as they contend that the trial court erred in sustaining Kim's No Cause of Action regarding the custodial schedule/visitation, the trial court's judgment does not comport with the

reasons for judgment, and the rule for contempt should not have been dismissed. We find merit to these assignments of error.

> As previously mentioned, in reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *Ramey,* 869 So.2d at 119 (citations omitted).

Mitch alleges that since the rendition of the Consent Judgment and Joint Custody Plan there has been a material change in circumstances that affects the best interest of the children to warrant a modification of custodial periods and joint custody plan. Mitch alleges that Kim has been uncooperative in co-parenting of the minor children; has failed to consult or inform him concerning the health, welfare and education of the minor children; ignores his text communications; switched the minor children to a non-denominational church without his consent; and does not comply with the Joint Custody Plan. Mitch contends that it is in the best interest of the minor children that the parties be granted "seven and seven" custodial periods, and that Kim should be held in contempt for failing to follow the provisions of the Joint Custody Plan.

Kim contends that without allegations that there has been a change in circumstances since December 4, 2017, that materially affect the welfare of the children, the Rule fails as it does not state a valid cause of action.

In *Ewing v. Armstrong World Industries, Inc.*, 02-918, p. 4 (La.App. 3 Cir. 2/19/03), 846 So.2d 813, 816-17 (citations omitted) this court noted:

> For the purposes of determining the issues raised by the exception, the court must presume that the well-pleaded facts in the petition are true. No evidence may be introduced to support or controvert the peremptory exception raising the objection of no cause of action. Thus, the court must determine whether plaintiff is legally entitled to the relief sought based on the facts asserted in the petition.

8

It is uncontested that the parties entered into a Consent Judgment and Joint Custody Plan. The Joint Custody Plan provides, in pertinent part, as follows:

> The Mother and Father should consult strictly to discuss the children's needs by text, telephone or correspondence, if personal conference is impractical, in an effort to mutually agree concerning the general health and welfare, education and development of the minor children. All major decisions should be joint and shared. In the event of a dispute that the parties cannot resolve, the non-domiciliary parent shall have the right to seek judicial resolution of the disputed decision.

In its reasons for ruling, the trial court stated:

> Mover may have allegations for a contempt hearing if said allegations are proven that defendant in rule has failed to follow the Consent Judgment or Joint Custody Plan.

Each parent must be willing and able to facilitate and encourage a close and continuing parent-child relationship for a joint custody arrangement to be successful. The Joint Custody Plan outlines the ways in which the parties have agreed to co-parent their children. Mitch's Rule vividly lists the ways in which Kim has been un-cooperative in the co-parenting of the minor children, and contends that it is in the best interest of the minor children that the parties be granted "seven and seven" custodial periods. As such, we disagree with the trial court's ruling dismissing Mitch's Rule for Modification of the Joint Custody Plan and for Contempt. Kim's claim that Mitch's Rule has not alleged a change in circumstances that materially affects the welfare of the children is without merit. Accordingly, we reverse the trial court's ruling on these issues and remand this matter to the trial court for further proceedings consistent with this opinion.

## CONCLUSION:

Frank Mitchell Olivier asserts six assignments of error as to why the trial court erred in sustaining Kimberley Ledoux Olivier's exceptions and in dismissing Frank Mitchell Olivier's Rule for Modification of Child Support, Joint Custody Plan,

Contempt of Court, Attorneys Fees and Costs. We find no merit to Frank Mitchell Olivier's first four assignments of error. However, we do find merit to Frank Mitch Olivier's fifth and sixth assignments of error, that the trial court erroneously dismissed his Rule for Modification of the Joint Custody Plan and for Contempt. Accordingly, we reverse the trial court's ruling on these issues and remand this matter to the trial court for further proceedings consistent with this opinion.

Costs of these proceedings are assessed equally between the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**