NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-719

HAMILTON BYNOG

VERSUS

DEANNA BYNOG

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 88729
HONORABLE DEE A. HAWTHORNE, JUDGE AD HOC

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Candyce G. Perret, Judges.

AFFIRMED.

Jason O. Methvin
Attorney At Law
211 South Drive
Natchitoches, LA 71457
(318) 352-7272
COUNSEL FOR DEFENDANT/APPELLEE:
    Deanna Bynog

J. Mark Miller
Stamey & Miller, L.L.C.
Post Office Drawer 1288
Natchitoches, LA 71458-1288
(318) 352-4559
COUNSEL FOR PLAINTIFF/APPELLANT:
    Hamilton Bynog

**SAUNDERS, Judge.**

In this matter we must decide whether there was sufficient evidence to support the trial court's finding that Plaintiff/Appellant was in contempt of court for failing to make equalization payments to Defendant/Appellee pursuant to a court-approved consent agreement.

**FACTS AND PROCEDURAL HISTORY:**

This is a domestic proceeding which was initiated by the filing of a Petition for Divorce by Plaintiff/Appellant, Hamilton Bynog (Hamilton) against Defendant/Appellee, Deanna Bynog (Deanna) on August 17, 2016. On February 22, 2017, the parties entered into a Consent Judgment regarding the partition of community property and the payment of spousal support and child support. The March 24, 2017 judgment contained the following:

> HAMILTON WILLIAM BYNOG agrees to pay the sum of Thirty Thousand .00/100 dollars ($30,000.00) within two weeks from signing of judgment, to DEANNA BYNOG for purposes of any and all spousal support and or child support and further agrees to pay the monthly rate of Five Hundred 00/100 dollars ($500.00) per month or alternatively allow DEANNA BYNOG to reside in one of the A&W rental properties which is an equalization of the Five Hundred .00/100 dollars ($500.00) per month and should DEANNA BYNOG move HAMILTION WILLIAM BYNOG will pay unto DEANNA BYNOG the sum of Five Hundred .00/100 dollars ($500.00) per month for a period of sixty (60) months.

On July 26, 2017, Deanna filed a Petition for Rescission of Community Property Settlement Agreement on account of lesion, attacking the March 24, 2017 judgment as being invalid. The hearing on the Petition for Rescission was set for May 10, 2018. On the day of the hearing, the parties worked out a compromise after extensive negotiations.

Ultimately, a Consent Judgment was entered into the record on May 10, 2018. The agreement included that Deanna would be permitted to continue living at the residence of 124 Yvonne Street, Natchitoches, Louisiana, for a period of 90 days.

Specifically, Deanna would enter into a ninety (90) day lease agreement. Following this stipulation, Hamilton's counsel confirmed that this completed the community property agreement. In response, Deanna's attorney advised there was one more issue which was Hamilton conveying his interest in the Kisatchie property to Deanna. Once this was stipulated into the record, Deanna's attorney confirmed the community property settlement was concluded.

A written Consent Judgment regarding partition of community property was signed on May 31, 2018. Thereafter, a dismissal of the Petition for Rescission of Community Property was submitted by the parties. Pursuant to the May 31, 2018 judgment, Deanna agreed to convey all of her interest in the home located at 124 Yvonne Street to A&W Family Properties, LLC (a limited liability company owned by Hamilton). Pursuant to the May 31, 2018 judgment, Hamilton granted Deanna the use and occupancy of the home at 124 Yvonne Street for ninety (90) days, ending August 10, 2018. Further, Deanna agreed to execute the standard written lease agreement for the ninety (90) day period. This judgment, unlike the March 24, 2017 judgment, did not order Hamilton to pay Deanna $500.00 per month for sixty (60) months should she move from the Yvonne Street property.

Several months after the parties entered into the May 31, 2018 judgment regarding partition of community property, Deanna made demand upon Hamilton for the payment of $500.00 per month pursuant to the March 24, 2017 judgment. In response, Hamilton rejected the demand advising Deanna that the May 31, 2018 judgment, entered into between the parties in order to resolve the issues with the March 24, 2017 judgment, did not include any requirement for payment of $500.00 per month upon her vacating the Yvonne Street property.

On February 1, 2019, Deanna filed a Rule for Contempt against Hamilton, which was heard by the trial court on May 20, 2019. The trial court held that the

obligation to pay $500.00 per month as recited in the March 24, 2017 judgment was valid, and found Hamilton to be in contempt of court for failing to pay the amount as ordered. It is from this judgment that Hamilton appeals, alleging three assignments of error.

**ASSIGNMENTS OF ERROR**

1. The district court erred in declining to interpret the March 24, 2017 Judgment and determine whether the $500.00 per month for sixty (60) month obligation was spousal support, child support or an equalization payment for community property.

2. The district court erred in failing to find the May 31, 2018 Consent Judgment Regarding Partition of Community Property was controlling regarding partition of community property matters including the requirement that Deanna Bynog vacate the premises of 124 Yvonne Street on August 10, 2018 without further consideration.

3. Based on the failure to find the May 31, 2018 Consent Judgment as controlling, the district court erred in finding Appellant in contempt of court regarding the prior March 24, 2017 Consent Judgment.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In his third assignment of error, Hamilton contends that based on the trial court's failure to find the May 31, 2018 judgment as controlling, the district court erred in finding him in contempt of court regarding the prior March 24, 2017 judgment. We find no merit to this contention. We address this assignment of error first, as it is outcome determinative.

The appellate court reviews a trial court's finding of contempt by a manifestly erroneous standard. *Weaver v. Weaver*, 12–238 (La.App. 5 Cir. 12/11/12), 106 So.3d 1116.

In *Weaver v. Weaver*, 106 So.3d at 1120 (footnotes omitted), the first circuit noted:

> A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the

3

dignity of the court or respect for its authority."  La. C.C.P. art. 221. "Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court constitutes constructive contempt of court.  La. C.C.P. art. 224[(2)]. . . . To find a person guilty of constructive contempt, it is necessary to find that he violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. Proceedings for contempt must be strictly construed, and the law does not favor extending their scope.

Initially we recognize that there are two  judgments in this matter, neither of which are merely judicial decrees.  Rather, they are consent judgments reached by the parties.  A consent judgment is a bilateral contract between the parties by which the parties adjust their differences by mutual consent, with each party balancing his "hope of gain against his fear of loss."  *McDaniel v. McDaniel*, 567 So.2d 748, 750 (La.App. 2 Cir. 1990). Spouses are free to contract with each other before or during a marriage as to all matters that are not prohibited by public policy, and the incapacities based on marital status have been removed.  *See* La.Civil Code. art. 2329, Revision Comment (a).

Here, the parties balanced "the hope of gain with the fear of loss"  when they agreed on March 24, 2017, that in lieu of paying child support, and because Deanna did not want to have any debt, that she would continue to reside at the Yvonne Street property for a period of sixty (60) months. Further, in the event that she moved, Hamilton would pay Deanna an equalization payment of $500.00 per month for the remainder of the sixty months.  Likewise, on May 31, 2018, the parties agreed to transfer additional properties.  At that time,  Hamilton took ownership of the Yvonne Street Property.  Thereafter, he requested that Deanna vacate the property by August 10, 2018, which she did.

In finding Hamilton to be in contempt of court for failing to make the equalization payments of $500.00 per month pursuant to the March 24, 2017 judgment, the trial court noted:

4

This original judgment touches upon many things. They're not all wrong and they're being followed. The custody matter was being followed . . . a number of things were followed. The document was never determined to be invalid. There was just another agreement reached. So it doesn't make anything in here go away unless it's specifically addressed.

This language is telling as it shows that when Judge Hawthorne signed the second judgment on May 31, 2018, she was intimately aware of the first judgment signed by Judge Sylvester on March 24, 2017. This judgment makes it clear that the judgment of May 31, 2018 is intended by the judge to have been entered as a supplement to the original judgment, not as a replacement to the original judgment.

There is no evidence in the record that the May 31, 2018 judgment modified or replaced the March 24, 2017 judgment. Deanna moved from the Yvonne Street property on August 10, 2018. Thereafter, Hamilton failed to make the equalization payments. As such, we agree with the trial court's ruling that Hamilton was in contempt of court for failing to make the equalization payments as agreed upon. Accordingly, we affirm the trial court's ruling on this issue.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:

In his first assignment of error, Hamilton contends that the trial court erred in declining to interpret the March 24, 2017 judgment and determine whether the $500.00 per month for sixty (60) month obligation was spousal support, child support, or an equalization payment for community property. In his second assignment of error, Hamilton contends that the trial court erred in failing to find the May 31, 2018 judgment was controlling regarding the partition of community property matters, including the requirement that Deanna Bynog vacate the premises of 124 Yvonne Street on August 10, 2018, without further consideration. Our determination that the May 31, 2018 judgment is only supplemental to the prior judgment renders the first and second assignments of error moot. The holding by

5

the court renders academic any discussion as to whether the monthly payments were for child support, spousal support, or an equalization payment. Moreover, the second assignment of error argued is rendered moot by the holding that the May 31, 2018 judgment did not supersede the prior agreement/judgment regarding the monthly payments of $500.00. Accordingly, we rule that assignments of error numbers one and two are without merit. The ruling of the trial court is correct.

## CONCLUSION:

Hamilton Bynog asserts three assignments of error as to why the trial court erred in finding him in contempt of court for failing to pay equalization payments of $500.00 per month to Deanna Bynog. We find no merit to any of these assignments of error. Accordingly, we affirm the trial court's ruling on these issues.

Costs of these proceedings are assessed to Hamilton Bynog.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2-16.3.

6